UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel James POWELL,
Defendant–Appellant.

No. 79–1730.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 1, 1980.

Decided Oct. 3, 1980.

Rehearing Denied Nov. 21, 1980.

Barry Tarlow, Los Angeles, Cal., for defendant–appellant.

Roger W. Haines, Jr., Asst. U. S. Atty., argued, Michael H. Walsh, U.S. Atty., Roger W. Haines, Jr., Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff–appellee.

Before SKOPIL and FERGUSON, Circuit Judges, and LYDICK,* District Judge.

FERGUSON, Circuit Judge:

Appellant Daniel James Powell ("Powell") appeals pretrial denial of his alternative motions either to dismiss a conspiracy indictment against him or to strike two overt acts from that indictment. The motions rested on Powell's contention that a prior acquittal on a possession charge collaterally estopped the Government from retrying him. We affirm the denial of the motion to dismiss. The appeal from the denial of the motion to strike is dismissed for lack of appellate jurisdiction.

## I. BACKGROUND

A. *Proceedings*

Powell was originally charged with conspiring with Judd Powell, Jr., his brother, and Mark Stanley to possess with intent to

---

* The Honorable Lawrence T. Lydick, United States District Judge for the Central District of California, sitting by designation.

distribute and to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A second count alleged possession of 3,575 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Judd Powell and Stanley were also indicted on this count. After a jury trial, Powell was convicted on the conspiracy charge and acquitted on the possession charge. He appealed and this court reversed his conspiracy conviction because of prejudicial errors concerning the admission of evidence and the denial of a continuance. *See United States v. Powell*, 587 F.2d 443, 445 (9th Cir. 1978).

On remand, Powell filed a motion to dismiss the indictment or to strike overt acts 11 and 12[1] from the conspiracy charge. The collateral estoppel component of double jeopardy, Powell argued, precluded relitigation of facts previously determined in his favor as a result of the prior acquittal on the substantive count. The district court denied his motion. Powell appeals.

### B. *Facts*

Judd Powell and Stanley pled guilty prior to trial. Cheryl Sullivan, a coconspirator convicted in an earlier trial, was the Government's chief witness.

Sullivan testified as follows: Powell agreed to supply her and Stanley with marijuana to distribute. Powell supplied a truckload of marijuana to Stanley, which Stanley distributed. Thereafter, Stanley, Sullivan, and Powell agreed to smuggle and distribute large quantities of marijuana. Powell was to supply the marijuana, while Stanley and Sullivan were to warehouse it, distribute it, and maintain records of all transactions. Sullivan and Stanley located a house in Del Mar; Powell supplied funds for its purchase. The first shipment delivered to the Del Mar house consisted of approximately 1,100 lbs. of marijuana. It was distributed within two days. Powell then came to the house and picked up the proceeds. Stanley and Powell had further discussions concerning a future shipment. On or about September 8, 1973, approximately two tons of marijuana were delivered to the Del Mar house. After some 500 lbs. were sold, Powell picked up $20,875 and initialed the ledger kept by Sullivan. On September 11, 1973, agents from the Drug Enforcement Administration raided the Del Mar house, arrested Stanley and Sullivan, and seized approximately 3,500 lbs. of marijuana.

## II. MOTION TO DISMISS CONSPIRACY COUNT

An order denying a pretrial motion to dismiss an indictment on double jeopardy grounds is appealable as a "final decision" under 28 U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651, 655–63, 97 S.Ct. 2034, 2037–2042, 52 L.Ed.2d 651 (1977); *United States v. Solano*, 605 F.2d 1141, 1142 (9th Cir. 1979), *cert. denied*, 444 U.S. 1020, 100 S.Ct. 677, 62 L.Ed.2d 652 (1980).

Powell argues that his acquittal of the possessory offense estops the Government from trying him for conspiracy. He relies upon *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), which incorporated collateral estoppel into the double jeopardy clause's protection. *Ashe* forecloses the Government from retrying an issue which a jury has, upon inspection of all the circumstances of the prior proceeding, found in the defendant's favor. In the instant case, therefore, if Powell could show his acquittal of possession inconsistent with conviction of conspiracy, we would have to

---

1. The indictment listed overt acts 11 and 12 as follows:

    11. On or about September 8, 1973, defendant Daniel James Powell, aka Danny, delivered and caused to be delivered approximately 1,800 kilograms (4,000 lbs.) of marijuana to defendant Mark William Stanley and previously indicted coconspirator Cheryl Sullivan.

12. On or about September 9, 1973, defendant Mark William Stanley delivered $20,875 to defendant Daniel James Powell, aka Danny, in partial payment for marijuana previously delivered and subsequently sold by defendant Mark William Stanley.

reverse the denial of his motion to dismiss.[2] On the facts of this case, however, we reject Powell's argument.

■ A conspiracy and the substantive offense that is its target are "separate and distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 1181, 90 L.Ed. 1489 (1946); *United States v. Wylie*, 625 F.2d 1371 at 1371, 1381 (9th Cir. 1980). Nonetheless, if the Government's case depends on facts found in defendant's favor by an acquittal, collateral estoppel precludes the Government from attempting to reprove those facts and, hence, from retrying the defendant. *Sealfon v. United States*, 332 U.S. 575, 578–80, 68 S.Ct. 237, 239–240, 92 L.Ed. 180 (1948).

■ The trial judge instructed the jury on *Pinkerton* accomplice liability, aiding and abetting, and constructive possession. Here, Powell contends that no rational jury could find that he conspired to possess the 3,500 pounds of marijuana seized on Sep-

tember 11 without also finding him liable for possession under one of the above theories. He therefore urges that a future jury could ground a conspiracy conviction only upon a finding that Powell possessed the 3,500 pounds of marijuana seized on September 11, which issue is foreclosed by the acquittal on the substantive count. If true, collateral estoppel would bar his conspiracy prosecution at the outset. *Ashe v. Swenson, supra*. Additionally, Powell notes that this court, in reversing his conspiracy conviction, found "the only seriously contested issue in the case" to be whether Powell had supplied the marijuana found in the garage. *United States v. Powell, supra*, 587 F.2d at 447.

If the only overt act underlying the conspiracy charge were the possession of the seized 3,500 pounds of marijuana, the foregoing argument would be compelling.[3] However, Powell was also named in overt acts 1–3, 5, and 7–10.[4] Additionally, Sulli-

2. We find the acquittal of possession and conviction of conspiracy consistent. See discussion *infra*. Therefore, we need not address the question of whether the preclusive effect of the acquittal would survive even were it inconsistent with a simultaneous conviction. We note, however, that the Second Circuit has given collateral estoppel effect to an acquittal which formed part of inconsistent verdicts. *See United States v. Mespoulede*, 597 F.2d 329, 336–37 (2d Cir. 1979).

3. We reject the Government's response that the jury could have found that Powell had delivered the marijuana on September 8th or 9th but did not possess it on the 11th because he was not found with the marijuana when it was seized. That response is inadequate in the face of jury instructions on constructive possession, aiding and abetting, and *Pinkerton* accomplice liability.

4. Overt acts 1–3, 5, and 7–10 were stated in the indictment as follows:

*OVERT ACTS*

In pursuance of said conspiracy and to further the objects thereof, the following acts, among others, were committed in the Southern District of California and elsewhere:

1. During the months of April, May, June and July of 1973, defendants MARK WILLIAM STANLEY and DANIEL JAMES POWELL, aka Danny, met to discuss the sale and distribution of marijuana.
2. During the months of May, June and July of 1973, defendants DANIEL JAMES POW-

ELL, aka Danny and JUDD MORRIS POWELL, JR., delivered and caused to be delivered various amounts of marijuana to defendant MARK WILLIAM STANLEY.

3. During the months of July, August and September of 1973, defendant DANIEL JAMES POWELL, aka Danny, placed telephone calls and spoke with defendant MARK WILLIAM STANLEY and previously indicted coconspirator Cheryl Sullivan.

＊  ＊  ＊  ＊  ＊  ＊

5. During the months of July, August and September of 1973, defendant MARK WILLIAM STANLEY and previously indicted coconspirator Cheryl Sullivan placed telephone calls to defendant DANIEL JAMES POWELL, aka Danny.

＊  ＊  ＊  ＊  ＊  ＊

7. During the months of July, August and September of 1973, defendant DANIEL JAMES POWELL, aka Danny, placed telephone calls to JUDD MORRIS POWELL, JR.

8. During the months of July, August and September of 1973, defendant JUDD MORRIS POWELL placed telephone calls to DANIEL JAMES POWELL, aka Danny.

9. On or about August 17, 1973, defendant DANIEL JAMES POWELL, aka Danny, delivered and caused to be delivered approximately 500 kilograms (1110 lbs.) of marijuana to defendant MARK WILLIAM STANLEY and previously indicted coconspirator Cheryl Sullivan.

van testified to at least two prior distributions of large quantities of marijuana. Given these facts, the jury could have found that Powell had committed any of those overt acts and found him guilty of the conspiracy count. Collateral estoppel therefore bars the Government from realleging only overt acts 11 and 12.

Finally, this court's dictum that "the only seriously contested issue," *id.*, was the ownership of the seized marijuana does not change the analysis. The fact that there was little "contest" over the evidence offered to prove the earlier possessions and distributions neither renders that evidence unavailable in a future prosecution nor precludes a future jury from accepting that evidence as true to sustain a future conspiracy conviction.

### III. APPEALABILITY OF MOTION TO STRIKE

Powell also appeals from the denial of his alternative motion to strike overt acts 11 and 12 on the same collateral estoppel grounds urged in his motion to dismiss. The preceding discussion bears heavily upon the soundness of that denial. Nonetheless, we find ourselves without jurisdiction to rule squarely on this issue.

We considered Powell's motion to dismiss because success on that motion would have barred the ordeal of retrial, thus serving the purposes of double jeopardy. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). By contrast, the granting of Powell's motion to strike would not bar retrial, but, rather, would affect the course of the trial. The denial is not a "final decision" under *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and hence is not properly appealable before trial.

The denial of Powell's motion to dismiss is AFFIRMED. The appeal from denial of Powell's motion to strike is DISMISSED.

10. On or about August 25, 1973, defendants MARK WILLIAM STANLEY, DANIEL JAMES POWELL, aka Danny, and previ-

ously indicted coconspirator Cheryl Sullivan met and discussed the distribution and sale of marijuana.