28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Norberto F. VALENZUELA, Defendant-Appellant.
 No. 93-10393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1994.
Decided June 23, 1994.
 
 1
 Before: WALLACE, Chief Judge, and CANBY, Circuit Judges, and KELLEHER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Norberto Valenzuela brings an interlocutory appeal of the district court's denial of his motion to dismiss an indictment on double jeopardy grounds. We affirm.
 
 
 4
 * In any retrial of the conspiracy counts, the government must prove (1) an agreement to accomplish an illegal objective, (2) one or more overt acts in furtherance of that objective, and (3) the requisite intent to commit the underlying substantive offense. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). Valenzuela argues that in such a trial, the government is barred from attempting to prove that he possessed marijuana with intent to distribute between August 5, 1991 and August 18, 1991; that he possessed cocaine with intent to distribute between August 12, 1991 and September 18, 1991; or that he aided and abetted others in committing those offenses. He argues that he accordingly is entitled to a dismissal of the superseding indictment.
 
 
 5
 The government maintains, however, that it has other evidence available with which it can prove the elements of the conspiracies charged without having to prove those facts Valenzuela claims it is barred from relitigating.[1] Valenzuela does not dispute that this other evidence, if believed by the jury, would be sufficient to convict him of the conspiracies charged. Thus, even if we assume without deciding that the government is collaterally estopped from relitigating those issues Valenzuela contends it is, the government may still be able to obtain a conviction on the conspiracy counts.
 
 
 6
 Therefore, there is no need to dismiss the indictment. See United States v. Powell, 632 F.2d 754, 757-58 (9th Cir.1980) (no ground for dismissal where government claimed to be able to convict by proving overt acts not previously litigated); cf. United States v. Seley, 957 F.2d 717, 722 (9th Cir.1992) (where prosecution conceded that it could not proceed to trial without proving facts it was collaterally estopped from proving, indictment properly dismissed); Pettaway v. Plummer, 943 F.2d 1041, 1048 (9th Cir.1991) (same).
 
 II
 
 7
 Valenzuela argues that relitigation of issues in the government's prosecution of Bravo and Lopez implicates his double jeopardy rights because "if the jury is persuaded that Bravo and Lopez aided and abetted Defendant Valenzuela in marijuana and cocaine possession, they will also convict Defendant Valenzuela of conspiracy." This argument is rendered moot by the district court's recent severance of the trial of Bravo and Lopez from that of Valenzuela.
 
 III
 
 8
 Valenzuela argues that severance of the trial of Bravo and Lopez does not cure prejudice resulting from the superseding indictment because the grand jury "inevitably" read the counts of the superseding indictment charging Bravo and Lopez, and the government "undoubtedly" presented the same evidence to the grand jury in support of both indictments. Appellant's opening brief, p. 18, n. 3. This contention was presented to the district court and this court only by brief reference in a footnote. The district court did not rule expressly on the point, and Valenzuela made no attempt to support on the record his speculation concerning what may have occurred before the grand jury. We conclude that the contention has not been properly raised for appellate review, and we decline to address it.
 
 CONCLUSION
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In particular, it says that Eduardo Sanchez is prepared to testify to various statements and illegal acts committed by Valenzuela which will establish the facts it must prove to obtain a conviction, but which are not barred by Valenzuela's collateral estoppel claims