UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles Cornelius JAMES,
Defendant–Appellant.

No. 94–10545.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 1996.

Decided March 24, 1997.

George C. Boisseau, Santa Rosa, California, for the defendant-appellant.

Rodolfo M. Orjales, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

Before: HUG, Chief Judge; HALL and FERNANDEZ, Circuit Judges.

HUG, Chief Judge:

Appellant Charles Cornelius James was originally indicted on four counts of bank robbery in violation of 18 U.S.C. § 2113. A jury convicted him on three counts, but could not reach a verdict on the remaining count and the court declared a mistrial. The three convictions were overturned on appeal. James was subsequently indicted anew for the remaining bank robbery charge and for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371.

In this interlocutory appeal, James contends that the district court erred in denying his motion to dismiss the indictments against him because, he alleges, the indictments are barred by the Double Jeopardy Clause and the doctrine of collateral estoppel. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. FACTS AND PRIOR PROCEEDINGS

On October 3, 1990, James was indicted on four counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Count One of the indictment involved the robbery of a Sanwa Bank branch office in Oakland, California on May 8, 1990. Count Two arose from the armed robbery of an American Savings Bank in Oakland on August 9, 1990. Count Three charged James with the armed robbery of an Oakland Home Federal Savings Bank branch office on August 28, 1990. Finally, Count Four involved the armed robbery of a Bank of the West branch, also in Oakland, on September 5, 1990.

James pleaded not guilty to all counts and his case proceeded to a jury trial. On September 11, 1991, the jury found James guilty on Counts Two, Three, and Four and the court entered judgment on those counts. The jury was unable to reach a verdict on Count One, and the court declared a mistrial on that count. James moved for a judgment of acquittal on all counts under Fed. R.Crim.P. 29. The district court denied his motion. James then appealed the convictions on Counts Two, Three and Four. In his appeal, James did not challenge the order denying the motion for acquittal on Count One, but challenged only the sufficiency of

the evidence on the counts of which he was convicted.

On March 8, 1993, we reversed James's three convictions due to insufficiency of the evidence, holding that no rational jury could have reached the result obtained because an essential element of the charged offenses had not been proven. *United States v. James,* 987 F.2d 648, 652 (9th Cir.1993). The Government had failed to present any evidence that the banks James was convicted of robbing were insured by the Federal Deposit Insurance Corporation ("FDIC").

On June 8, 1994, a federal grand jury indicted James on two charges. In one of the counts, James was charged anew with the armed bank robbery of Sanwa Bank on May 8, 1990, the count which previously resulted in a mistrial. The other indictment charged James with conspiracy to rob "federally insured banks, savings and loans, and other financial institutions."

█ James moved to dismiss these indictments on double jeopardy and collateral estoppel grounds pursuant to Fed.R.Crim.P. 12. The district court denied James's motion on October 31, 1994. This timely appeal followed. The denial of a motion to dismiss an indictment on double jeopardy and collateral estoppel grounds is appealable as a final order. *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977).

## II. DISMISSAL OF THE SANWA BANK ROBBERY INDICTMENT

█ James raises several arguments as to why the Double Jeopardy Clause and the related doctrine of collateral estoppel bar his retrial for the May 8, 1990 Sanwa Bank robbery. We review a denial of a pretrial motion to dismiss an indictment on double jeopardy or collateral estoppel grounds *de novo. United States v. Elgersma,* 979 F.2d 750, 752 (9th Cir.1992); *United States v. Seley,* 957 F.2d 717, 720 (9th Cir.1992). James claims that his motion at trial for acquittal under Fed.R.Crim.P. 29 should have been granted as to all counts of his prior indictment. This argument is precluded because James did not appeal the denial

of his Rule 29 motion on Count One. Instead, the subject of his previous appeal to our court, *James,* 987 F.2d at 648, was only the insufficiency of the evidence in the three counts of which he was convicted. While he succeeded in having these convictions overturned, his failure to appeal the order denying the motion for judgment of acquittal in the Sanwa Bank charge waives his ability to raise that contention now.

█ James next argues under *Burks v. United States,* 437 U.S. 1, 17–18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978), that his further prosecution for the Sanwa Bank robbery is barred by · the Double Jeopardy Clause because the Government produced insufficient evidence upon which to convict him of that offense in the prior case. This argument is foreclosed by the Supreme Court's opinion in *Richardson v. United States,* 468 U.S. 317, 325–26, 104 S.Ct. 3081, 3086–87, 82 L.Ed.2d 242 (1984). In that case there was a hung jury and a mistrial declared on certain counts. The defendant contended in that case, as defendant does in this case, that the Double Jeopardy Clause precluded a subsequent trial on these counts because the Government failed to introduce sufficient evidence to establish guilt beyond a reasonable doubt in his first trial. The Court distinguished *Burks.* In *Burks,* double jeopardy was held to preclude a retrial where an unreversed appellate ruling held that the Government had failed to produce sufficient evidence for conviction on the count sought to be retried. The Court in *Richardson* held that the *Burks* ruling did not extend to a situation in which the jury failed to reach a verdict and a mistrial was declared. The Court stated that "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson,* 468 U.S. at 325, 104 S.Ct. at 3086. The Court pointed out that under *Burks* an appellate court's finding of insufficiency of the evidence is equivalent to an acquittal but that a mistrial following a hung jury is not. *Id.* In this case there was no appellate ruling that the Government failed to produce sufficient evidence for conviction on the Sanwa Bank robbery charge,

thus leaving the order declaring the mistrial intact as the final order with respect to that count. Under *Richardson,* this was insufficient to terminate the original jeopardy.

■ James next contends that the principle of collateral estoppel precludes the retrial. The Supreme Court has incorporated the principles of collateral estoppel into the protections of the Double Jeopardy Clause. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). We have applied *Ashe* to hold that "if the Government's case depends on facts found in defendant's favor by an acquittal, collateral estoppel precludes the Government from attempting to reprove those facts and, hence, from retrying the defendant." *United States v. Powell,* 632 F.2d 754, 757 (9th Cir.1980).

James contends that our holding on appeal that there was insufficient evidence of federal insurance for conviction on the other three robbery counts not only forecloses retrial on those counts on double jeopardy grounds, but that the Double Jeopardy Clause also forecloses retrial of the Sanwa Bank robbery based on the principles of collateral estoppel. However, our opinion in *James,* 987 F.2d at 648, was only a decision that there was insufficient evidence of federal insurance to support a conviction for the other three bank robberies. The Sanwa Bank robbery charge was not before the court on appeal.

*United States v. Schwartz,* 785 F.2d 673 (9th Cir.), *cert. denied,* 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986), identifies the three step inquiry our court follows in determining whether collateral estoppel bars the bringing of a subsequent suit:

> First, the issues in the two actions are identified so that we may determine whether they are sufficiently similar and material to justify invoking the doctrine. Second, we examine the first record to determine whether the issue was fully litigated. Finally, from our examination of the record, we ascertain whether the issue was necessarily decided.

*Id.* at 681.

The sufficiency of the evidence on the Sanwa Bank robbery charge was never finally decided and it was not necessarily decided in the appeal of the convictions on the other three bank robbery charges. Thus collateral estoppel does not apply to preclude retrial on the Sanwa Bank robbery charge.

## III. DISMISSAL OF THE CONSPIRACY INDICTMENT

James also contends that the conspiracy charge is barred by the Double Jeopardy Clause and collateral estoppel. The district court denied his motion to dismiss on these grounds.

■ The Fifth Amendment Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the "same offense." U.S. Const. amend. V; *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). However, *United States v. Felix* clearly states that a substantive crime and a conspiracy to commit the crime do not constitute the "same offense" for the purposes of the Double Jeopardy Clause. 503 U.S. 378, 390–92, 112 S.Ct. 1377, 1384–86, 118 L.Ed.2d 25 (1992). This is true because the two charges, though related, are distinct: each requiring proof of elements different from the other. *United States v. Dixon,* 509 U.S. 688, 696–97, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993). The "essence" of a conspiracy charge is the criminal agreement and not the criminal act itself. *Felix,* 503 U.S. at 388–90, 112 S.Ct. at 1384. Because James was never charged with or tried for conspiracy arising out of his alleged involvement in the bank robbery charges on which he was originally indicted, double jeopardy does not, in this regard, preclude James's prosecution on the conspiracy count.

As we noted above, however, the Supreme Court incorporated the principles of collateral estoppel into the Double Jeopardy Clause's protections in *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). James argues, relying on *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) and *Burks,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), that the conspiracy charge he now faces must be dismissed on grounds of collateral estop-

pel because it includes as overt acts some acts relating to the bank robberies of which he was acquitted.

■ The *Sanabria* and *Burks* opinions were announced the same day. The Supreme Court made clear that the "Double Jeopardy Clause is not such a fragile guarantee that … its limitations [can be avoided] by the simple expedient of dividing a single crime into a series of temporal or spatial units." 437 U.S. at 72, 98 S.Ct. at 2183 (citation omitted). The Government cannot, therefore, when thwarted by its failure to produce evidence of an essential element of a crime, simply bring a new and related charge arising from the same circumstance against the acquitted defendant. In *Burks* the court held that: "The Double Jeopardy Clause of the Fifth Amendment precludes a second trial once the reviewing court has found the evidence legally insufficient [to sustain the jury's verdict of guilty]." 437 U.S. at 18, 98 S.Ct. at 2150–51.

■ *Sanabria* and *Burks* require that James's acquittals in the three prior bank robbery counts preclude their subsequent use as overt acts of a related conspiracy charge. This is because the acquittals involve ultimate issues that have already been conclusively determined adversely to the Government. *Powell*, 632 F.2d at 756–57. We reversed James's three bank robbery convictions because the Government failed to submit evidence to the jury that the three banks involved were FDIC insured. The Government had failed to produce sufficient evidence with regards to an element of the crimes alleged, and James was acquitted.

■ *Sanabria* and *Burks* do not, however, require that the conspiracy indictment itself must be dismissed. This is because the Government could still prove that James conspired to rob a federally insured bank if it were to proffer proof of overt acts contained in the indictment that are independent of the three acquitted bank robbery counts. *See Powell*, 632 F.2d at 756–58 (collateral estoppel bars the Government from alleging certain overt acts, but prosecution under indictment is allowed to proceed). In *Pettaway v.*

*Plummer*, 943 F.2d 1041, 1046 (9th Cir.1991) we explained:

> Constitutional collateral estoppel exists where 'a fact necessarily determined in the defendant's favor by his earlier acquittal [makes] his conviction on the challenged second trial … impossible unless the fact could be relitigated and determined adversely to the defendant.' On the other hand, 'double jeopardy guarantees are not engaged by collateral estoppel which, if applied, would merely restrict proof but not make conviction impossible.'

*Id.* at 1046 (quoting *United States v. Head*, 697 F.2d 1200, 1205 (4th Cir.1982)) (citation omitted). Accordingly, *Sanabria*'s holding that a "judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count," 437 U.S. at 69, 98 S.Ct. at 2181, does not speak to the circumstances of this case, where evidence could still be presented to establish the conspiracy based upon the distinct and unacquitted count brought against James for his alleged involvement in the May 8, 1980 Sanwa Bank robbery. As we have explained above, the issue of Sanwa's federally insured status has not yet been determined, and as such none of the Double Jeopardy Clause's protections are implicated by the Government's realleging them at this time.

With its barred elements omitted, the indictment continues to meet the requirements of *Hamling v. United States*, 418 U.S. 87, 117–18, 94 S.Ct. 2887, 2907–08, 41 L.Ed.2d 590 (1974), that an indictment must set forth elements of the offense charged and contain a statement of facts and circumstances that inform the defendant of the specific charges brought against him sufficient to enable him to prepare a case in his defense. The basis of the accusation against James still remains only in facts that were presented to the grand jury. *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962). Accordingly, the conspiracy indictment brought against James survives.

## IV. CONCLUSION

The Double Jeopardy Clause does not preclude the Government from pursuing the

Sanwa Bank robbery charge that resulted in a mistrial in James' first trial. The Double Jeopardy Clause's protections do, however, bar the introduction of evidence regarding the three acquitted bank robbery charges as overt acts of the conspiracy. James's prosecution for conspiracy can only proceed based upon overt acts independent of the bank robbery charges of which he was acquitted.

AFFIRMED.