**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Lee NORMAND,**
**Defendant–Appellant.**

**No. 00–30119.**

**D.C. No. CR–98–05389–JET.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2001.

Decided Aug. 3, 2001.

Before WALLACE, CYNTHIA HOLCOMB HALL, and T.G. NELSON, Circuit Judges.

### MEMORANDUM *

Normand appeals from his conviction and sentence for two counts of attempted manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), physical interference with a search in violation of 21 U.S.C. §§ 856(a)(1) and 856(b), and tampering with a witness in violation of 18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), 1512(b)(2)(c), and 1512(i). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely filed appeal under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand for resentencing.

Normand raises five trial issues on appeal. First, he contends that his second trial violated his Fifth Amendment right against double jeopardy. Normand raises this issue for the first time on appeal and, though it remains unclear whether a double jeopardy claim that was not raised in the district court is subject to plain error review or is deemed to have been waived, *see United States v.. Hernandez–Guarda-*

do, 228 F.3d 1017, 1028 (9th Cir.2000), we need not settle the question for it is not outcome determinative.

■ At the first trial in December 1998, the jury acquitted Normand on count four of the indictment—attempted manufacture of methamphetamine—and hung on count five—manufacture of methamphetamine. (Counts one through three were dismissed.) The district judge declared a mistrial and scheduled a re-trial for January 1999. Normand argues that count one of the third superseding indictment and count four of the original indictment (on which he was acquitted) are multiplicitous. He is wrong. While count four of the indictment and count one of the third superseding indictment charge the same violation, they charge separate crimes, different in both time ("February 1998" vs. "Spring 1998") and place ("Centralia," Washington vs. "Chehalis," Washington). Because the two counts did not arise from the same act or transaction, they do not implicate the Double Jeopardy Clause. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ For the same reason, Normand's contention that the principle of collateral estoppel barred prosecution on count one at the second trial must fail. In the double jeopardy context, collateral estoppel simply means, "if the Government's case *depends* on facts found in defendant's favor by an acquittal, collateral estoppel precludes the Government from attempting to reprove those facts and, hence, from retrying the defendant." *United States v. James,* 109 F.3d 597, 600 (9th Cir.1997) (emphasis added). Because separate events, occurring at different times and in different locations, lay at the heart of the two counts, the government's case at the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

second trial did not "depend" on facts found in Normand's favor at the first trial.

Furthermore, Normand's contention that the evidence introduced at the two trials conclusively proves that the government indeed prosecuted the same offense twice is wrong. "[M]ere overlap in proof between two prosecutions does not establish a double jeopardy violation" because "introduction of relevant evidence of particular misconduct in a case is not the same as prosecution for that conduct." *United States v. Felix,* 503 U.S. 378, 386, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).

■ Second, Normand contends that the district court improperly denied his motion to dismiss for prosecutorial vindictiveness by not holding an evidentiary hearing. However, when Normand filed his motion he made no request for such a hearing, and we will not sanction his post hoc attempt to secure one.

■ Third, Normand argues that the district court abused its discretion in excluding from evidence portions of a recorded telephone conversation between him and his girlfriend. The district court admitted partial recordings of two other calls made between the two (on a different date) offered by the government in support of the witness tampering charge, in which Normand exhorted his girlfriend to flee the jurisdiction to avoid having to testify. Normand contends that Federal Rule of Evidence 106 and the rule of completeness require admission of the recording he offered for it is part of the same larger conversation.

Rule 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction ... of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed.R.Evid. 106. The advisory committee notes state that the rule is based, in part, on "the misleading impression created by taking matters out of context ." *Id.,* advisory committee notes.

Normand does not allege that the government introduced distorted or prejudicial snippets of the two conversations with his girlfriend. Rather, Normand essentially argues that admitting portions of a *third* conversation would place the other two in proper context. Though Rule 106 expressly contemplates admission of a separate recorded statement, Normand's proffered transcript was not necessary to correct a "misleading impression created by taking matters out of context." Fed.R.Evid. 106 advisory committee notes. Rather, the partial conversation offered by Normand *reinforces* the overwhelming tenor and effect of the admitted conversations, which is that he urged his girlfriend to bolt to avoid testifying. Refusing to admit the transcript or recording thus did not constitute an abuse of discretion.

■ Fourth, Normand contends that the government unconstitutionally failed to disclose *Brady* material to the defense during trial—exculpatory documentary evidence regarding the contemporaneous inventory search of his truck and a van (the contents of the latter the police originally attributed to him). But he must show that evidence was material. *United States v. Ciccone,* 219 F.3d 1078, 1085 (9th Cir.2000) ("The government violates the due process clause when it fails to disclose material favorable evidence."). "Evidence is material 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* (internal citation omitted). Normand was not prejudiced by any failure to disclose evidence relating to the inventory search. Normand's counsel possessed ample evidence of the confusion surrounding the search with which to cross examine the govern-

ment's primary witness, and Normand makes no showing that the additional evidence would have altered the result of the trial.

■ Last, Normand contends that the district court abused its discretion in admitting a police report offered by the government to rehabilitate a witness. He argues that the report constituted inadmissible hearsay admitted in violation of the Sixth Amendment Confrontation Clause. However, the report falls well within the requirements of Federal Rule of Evidence 801(d)(1) as a prior consistent statement. Furthermore, because the witness dictated the report, it is immaterial that he did not "write" it. There was no Confrontation Clause violation.

■ Normand next contends that his sentence should be vacated and remanded for resentencing because the district judge did not explicitly resolve the objections he raised to factual statements in the Presentence Report (Report).

Pursuant to Federal Rule of Criminal Procedure 32:

> At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and *must rule on any unresolved objections to the presentence report.* The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. *For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account, or will not affect, sentencing.* A written record of these findings must be appended to any copy of the presentence report made available to the Bureau of Prisons.

Fed.R.Crim.P. 32(c)(1) (emphasis added). Here, the district judge, after hearing arguments from both sides regarding the proper amount of methamphetamine to attribute to Normand for purposes of calculating his total offense level under the Sentencing Guidelines, announced: "The Court finds that the 38 figure and the total offense level as found by ... the probation service is well taken. I adopt it. It's 38." *United States v. Carter,* 219 F.3d 863, 867 (9th Cir.2000), requires more under the circumstances. "It was not sufficient to enter a finding of fact that did not address defendant's objections." *Id.* "For each disputed fact upon which the district court intends to rely in imposing the sentence, the district court must make an explicit factual finding that resolves the dispute." *Id.* Here, the dispute was over the precise amount of methamphetamine properly attributable to Normand. Though the district court's statements clearly indicate that it found that the underlying record contains evidence to support the Report's drug quantity calculation, "they fall short of an explicit resolution of factual disputes relevant to [drug quantity], or an indication that the court was not relying on the disputed factual [issue]." *Id.* at 868. Therefore, the district court failed to comply with Rule 32 and we must vacate the sentence and remand for resentencing. *See id.*

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.