UNITED STATES of America, Plaintiff—Appellee,

v.

Peter ALDAY, Defendant—Appellant.

No. 02–50150.

D.C. No. CR–00–01050–WJR–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided April 29, 2003.

Before PREGERSON, THOMAS, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Peter Alday's ("Alday") second conviction was obtained through use of the same evidence that resulted in a "not guilty" verdict in his first trial. At oral argument, the government effectively conceded that the ultimate issues in both trials were Alday's lack of predisposition to engage in the drug transactions and inducement on the part of the government's agent. Because "the Government's case depend[ed] on facts found in defendant's favor by an acquittal [in the first trial], collateral estoppel preclude[d] the Government from attempting to reprove those facts and, hence, from retrying the defendant." *United States v. James,* 109 F.3d 597, 600 (9th Cir.1997) (citation omitted).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alday's retrial "involve[d] ultimate issues that have already been conclusively determined adversely to the Government." *See id.* at 601. Therefore, collateral estoppel precluded the government from retrying the ultimate issues of Alday's predisposition and the government agent's inducement that existed on or before July 16, 1999, which is the date of the sale charged in Count One for which he was found not guilty at his first trial."

REVERSED.