**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Timothy Wayne ARNETT, Defendant—Appellant.**

No. 04–10575, 04–10650.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Dawrence W. Rice, Jr., Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Timothy Wayne Arnett, Fresno, CA, pro se.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Arnett's request for oral argument is therefore denied.

MEMORANDUM **

Timothy Wayne Arnett has filed two appeals in this court. In appeal number 04–10575, Arnett appeals from the district court order denying his motion to dismiss the indictment for seven counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *United States v. James,* 109 F.3d 597, 599 (9th Cir.1997), we affirm.

Arnett contends that his seven bank robberies actually constitute a single continuing course of conduct, and therefore, it was a violation of double jeopardy to indict him on more than one count of using a firearm during a crime of violence. We disagree. Because Arnett was charged with seven separate counts of armed bank robbery, it was not error to charge him separately for use of a firearm during a crime of violence on each of those seven counts. *See United States v. Smith,* 924 F.2d 889, 894 (9th Cir.1991) (stating that each predicate violent offense where a firearm is used can support a section 924(c)(1) charge).

Contrary to Arnett's contention, we do not consider the language of section 924(c)(1) to be ambiguous. The rule of lenity is therefore inapplicable. *See Albernaz v. United States,* 450 U.S. 333, 342, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) ("Lenity ... serves only as an aid for resolving an ambiguity; it is not to be used to beget one.").

To the extent that Arnett is attacking his seven counts of armed bank robbery, this court previously affirmed Arnett's convictions on those counts. *See United*

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*States v. Arnett,* 353 F.3d 765 (9th Cir. 2003) (en banc).

In appeal number 04–10650, Arnett appeals from the district court's denial of his motion for return of special assessments and court costs. Because of the nature of this interlocutory appeal, we lack jurisdiction to address the matter. *See United States v. Storage Spaces Designated Nos. 8 and 49 Located at 277 East Douglas, Visalia, Calif.,* 777 F.2d 1363, 1365 (9th Cir. 1985) (stating that if there is a criminal proceeding pending, this court lacks jurisdiction over appeals seeking review of orders granting or denying motions that seek the return of property, because the order is interlocutory).

**AFFIRMED;**

**DISMISSED.**