**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GABRIEL BERNARDO SANCHEZ,
        *Defendant-Appellant.*

No. 07-50564

D.C. No.
CR-02-00319-DOC-
2

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
April 7, 2009—Pasadena, California

Filed June 23, 2009

Before: Harry Pregerson and David R. Thompson, Circuit
Judges, and Jeremy D. Fogel,* District Judge.

Opinion by Judge Thompson

*The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

## COUNSEL

Ellyn Marcus Lindsay, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Gary Paul Burcham, San Diego, California, for the defendant-appellant.

## OPINION

THOMPSON, Senior Circuit Judge:

This appeal presents the question whether, on a limited *Ameline* remand, a district court may consider post-sentencing factors and circumstances in determining whether it would have imposed the same sentence had it known the Sentencing Guidelines were advisory.

## BACKGROUND

Gabriel Bernardo Sanchez ("Sanchez") was convicted of thirty-three counts of mail fraud and eleven counts of money laundering, in connection with an extensive charitable dona-

tion scam. Sanchez and his partner formed a "shell" church, and then employed telemarketers to solicit donations on behalf of the church's purported charities. Of the millions of dollars raised through this scam, less than $5,000 actually was used for charitable purposes.

Sanchez was sentenced under the mandatory Sentencing Guidelines, before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Sanchez appealed both his conviction and his sentence; we rejected those challenges, but granted Sanchez a limited remand under *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). *See U.S. v. Lyons*, 472 F.3d 1055 (9th Cir. 2007).

On remand, both parties submitted briefing as to whether resentencing was required. The district court requested additional briefing as to whether it could consider Sanchez's post-sentence rehabilitation efforts on a limited *Ameline* remand. Sanchez appeared and addressed the court on his rehabilitation efforts.

The district court concluded that it could not take post-rehabilitative efforts into account on a limited *Ameline* remand. The court then determined that it would have imposed the same sentence had it known the Guidelines were advisory.

After the district court announced that Sanchez's original sentence would stand, Sanchez asked the court to recommend that he participate in the residential drug and alcohol treatment program of the Bureau of Prisons ("BOP"). The district court denied that request, citing Sanchez's failure to raise the issue at his original sentencing hearing.

On appeal, Sanchez argues the district court erred in determining that it could not consider post-sentencing factors on an *Ameline* remand. Sanchez also contends the court erred in

denying his request for participation in the BOP treatment program.

**STANDARD OF REVIEW**

When, on a limited *Ameline* remand, the district judge has determined that "the sentence imposed would not have differed materially had he been aware that the Guidelines were advisory," the original sentence will stand. *Ameline*, 409 F.3d at 1085. The defendant has "the right to appeal to this court the district court's decision, including a challenge to the sentence based on the reasonableness standard established in *Booker*." *Id.* Where, as here, the defendant did not raise any reasonableness challenges to the original sentence in his first direct appeal, our scope of review is limited to determining "[w]hether the district judge properly understood the full scope of his discretion in a post-*Booker* world." *U.S. v. Combs*, 470 F.3d 1294, 1297 (9th Cir. 2006).

### I. Did the district court err in determining it was precluded from considering evidence of Sanchez's post-sentence rehabilitation in connection with the threshold inquiry on a limited *Ameline* remand?

**[1]** On an *Ameline* remand, a district court's first task is to determine "whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory." *Ameline*, 409 F.3d at 1084. Sanchez argues that, in answering this question, the district court should be able to take his post-sentence rehabilitation into account.

**[2]** Sanchez's argument is foreclosed by the text of *Ameline* itself. In *Ameline*, we instructed district courts to consider "whether [they] would have imposed a materially different sentence *at the time of sentencing* had [they] known that the Guidelines were advisory rather than mandatory." *Ameline*, 409 F.3d at 1083 (emphasis added). By instructing district

courts to retrace their steps, and view the question from their vantage point "at the time of sentencing," *Ameline* precludes district courts from considering any rehabilitation or mitigating circumstance that occurred after the sentencing. *Id.*

The consideration of post-sentencing information is inconsistent with the limited nature of an *Ameline* remand. Unlike the Third and Fourth Circuits, we do not provide an automatic full resentencing to all defendants entitled to a post-*Booker* remand. *See, e.g., U.S. v. Davis*, 407 F.3d 162 (3d Cir. 2005); *U.S. v. Hughes*, 401 F.3d 540 (4th Cir. 2005). Rather, in *Ameline*, we adopted the limited bipartite approach taken by the Second Circuit in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *Ameline*, 409 F.3d 1079-81 (citing *Crosby*, 397 F.3d at 117).

We repeatedly have emphasized the limited nature of the remand procedure set forth in *Ameline*:

> A *limited Ameline* remand—a term *Ameline* uses no fewer than 25 times—does not contemplate that the district judge will engage in a full post-*Booker* resentencing, *unless* he first determines that the sentence would have been materially different under an advisory Guidelines system.

*Combs*, 470 F.3d at 1296-97; *see also id.* (holding that a defendant is prohibited from raising new objections to his original sentence on an *Ameline* remand, and declining to engage in a "full-blown reasonableness review" where a defendant had not challenged the reasonableness of his original sentence on his first direct appeal); *U.S. v. Silva*, 472 F.3d 683, 686 (9th Cir. 2007) (observing that an *Ameline* remand is not a "full-fledged sentencing proceeding," and concluding that a defendant has no right to allocute on an *Ameline* remand). *Ameline* remands were "designed to answer a single question: Whether the district judge would have given [the]

defendant a materially different sentence under an advisory Guidelines system." *Combs*, 470 F.3d at 1297.

**[3]** What Sanchez proposes amounts to a full resentencing. Sanchez asks us to consider his post-rehabilitation efforts, and contends that in other cases the court could consider subsequent convictions and other post-sentence developments. We decline to do so. We consistently have rejected procedures that would turn the limited *Ameline* remand into a de facto resentencing. *See, e.g., Combs*, 470 F.3d at 1296; *Silva*, 472 F.3d at 686.

Sanchez relies on 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Sanchez contends this language supports his position that district courts should be able to consider post-sentencing evidence in addressing the threshold *Ameline* inquiry. He also contends that because 18 U.S.C. § 3553(a) does not bar the consideration of post-sentencing evidence, district courts should not be precluded from considering such evidence on an *Ameline* remand.

**[4]** Sanchez's reliance on §§ 3661 and 3553(a) is misplaced. The district court's threshold inquiry on an *Ameline* remand is not the equivalent of a full resentencing hearing, where § 3661 and § 3553(a) would be applied in the first instance. *See, e.g., Silva*, 472 F.3d at 686. If the district court determines that the defendant's sentence would have been different under an advisory Guidelines scheme, then the defendant is entitled to a full resentencing.[1] *Combs*, 470 F.3d at 1296-97. Where, as here, the district court determines that the sentence would have been the same, the inquiry is at an end.

---

[1]We do not decide today whether the consideration of post-sentencing evidence would be appropriate in such circumstances.

With our decision today, we join the Second, Sixth, and Seventh Circuits in prohibiting district courts from considering post-sentencing factors or circumstances in conducting the threshold inquiry after an *Ameline* remand. *See, e.g., Ferrell*, 485 F.3d at 688; *U.S. v. Keller*, 498 F.3d 316, 324 (6th Cir. 2007) ("[C]onsideration of post-sentencing factors is incompatible with the limited scope of a [an *Ameline*] remand"); *U.S. v. Re*, 419 F.3d 582, 584 (7th Cir. 2005) ("The goal of the [*Ameline*] remand is to determine if, at the time of sentencing, the district judge would have imposed a different sentence in the absence of mandatory guidelines. Post-sentencing events or conduct simply are not relevant to that inquiry.").

As Sanchez points out, the First, Third, and Fourth Circuits permit district courts to consider post-sentencing information in certain circumstances. *See, e.g., U.S. v. Aitoro*, 446 F.3d 246, 254 n.10 (1st Cir. 2006); *U.S. v. Lloyd*, 469 F.3d 319, 325 (3d Cir. 2006); *Hughes*, 401 F.3d at 560 n.19. Unlike the Third and Fourth Circuits, however, we do not engage in an automatic full resentencing on an *Ameline* remand. *Compare Ameline*, 409 F.3d at 1079-81, *with Davis*, 407 F.3d at 165, *and Hughes*, 401 F.3d at 560. The Third and Fourth Circuit's precedent on this point cannot be superimposed on our more limited *Ameline* remand procedure.

Rather, because *Ameline* adopted the same remand procedure articulated by the Second Circuit in *Crosby*, *Ameline*, 409 F.3d 1079-81, we often have turned to Second Circuit precedent when addressing issues that have arisen under *Ameline*. *See, e.g., Silva*, 472 F.3d at 686 (rejecting the argument that *Ameline* should not be read to "accept fully" the Second Circuit's *Crosby* approach, and observing that "our court has repeatedly espoused the *Crosby* method."); *U.S. v. Montgomery*, 462 F.3d 1067, 1069-72 (9th Cir. 2006) (referring repeatedly to *Crosby* and other Second Circuit precedent in determining that *Ameline* requires submission of written statements by counsel). In *Crosby*, the Second Circuit held that on an *Ameline*-type remand, the district court is limited to con-

sidering the "circumstances existing at the time of the original sentence." *Crosby*, 397 F.3d at 117. In a later opinion, the Second Circuit faced the precise question raised by Sanchez today, and held that a district court is forbidden from considering post-sentencing rehabilitation, or any other circumstance that did not exist at the time of the original sentencing. *Ferrell*, 485 F.3d at 689-90. The Second Circuit has aptly explained that the threshold inquiry on an *Ameline* remand is "whether the original sentence *would have been* different, not whether, if resentencing were to occur, the new sentence *would be* different." *U.S. v. Lake*, 419 F.3d 111, 114 n.3 (2d Cir. 2005). The Second Circuit's reasoning in *Crosby* and *Ferrell* reinforces the conclusion we reach today.

**[5]** In sum, evidence of post-sentence rehabilitation is simply beyond the scope of the district court's threshold inquiry on a limited *Ameline* remand. The district court correctly determined it was precluded from considering such evidence in Sanchez's case.

Sanchez nonetheless maintains that he is entitled to a full resentencing before a different district judge. He contends that the district court could not have made the *Ameline* decision fairly after it was exposed to the "abundance of post-sentencing information" presented at the hearing.

We agree that the district court erred, probably on the side of caution, in hearing evidence of Sanchez's post-sentence rehabilitation, but the evidence was not prejudicial to Sanchez. It was simply irrelevant to the district court's inquiry. Ultimately, the district court correctly determined that post-sentencing conduct was not "an appropriate consideration" in determining whether or not the court would have imposed the same sentence under an advisory Guidelines scheme.

## II.   Did the district court err in refusing to consider Sanchez's request for placement in the BOP drug and alcohol treatment program?

Sanchez also contends the district court erred in refusing to recommend him for the BOP drug and alcohol treatment program. Sanchez admits that he did not request placement in the program at his original sentencing hearing. He contends, however, that his failure to raise the issue at that time is not a valid reason to deny his request. We disagree.

**[6]** A district court is without authority to consider new challenges raised for the first time by a defendant on a limited *Ameline* remand. *Combs*, 470 F.3d at 1297; *see also Combs*, 470 F.3d at 1298 (J. Berzon, concurring). This rule is not unique to an *Ameline* remand. We have long held that when a defendant fails to raise a nonconstitutional sentencing error in his first direct appeal, the issue is waived. *See, e.g., U.S. v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *U.S. v. James*, 109 F.3d 597, 599 (9th Cir. 1997); *U.S. v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Sanchez failed to raise this request at his original sentencing hearing and it was not presented as an issue in his first direct appeal. Accordingly the issue has been waived.

## CONCLUSION

The district court accurately understood the scope of its review on this limited *Ameline* remand by ultimately concluding that it was precluded from considering evidence of Sanchez's post-sentencing rehabilitation. The district court also properly denied Sanchez's request for placement in the BOP treatment program, an issue which Sanchez had waived.

**AFFIRMED**.