UNITED STATES of America,
Plaintiff–Appellee,

v.

Elsa Martina ARENAS, Defendant–
Appellant.

No. 08–30188.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Submitted July 6, 2009.*

Filed July 30, 2009.

Amy Schipper Howe, Esquire, Monte J. Stiles, Assistants U.S., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Greg S. Silvey, Kuna, ID, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, RYMER, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Elsa Martina Arenas ("Arenas") was convicted of one count of possession of methamphetamine with intent to distribute and two counts of distribution of methamphetamine. She was sentenced to 176 months' imprisonment.[1] She appeals her sentence, contending that it was infected by procedural errors and is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ 1. Arenas contends that the district court erroneously assumed it could not consider her alleged post-sentence rehabilitation, and in so doing committed reversible error.

Contrary to Arenas' contention, the district court did not conclude that it was categorically barred from taking post-sentence rehabilitation into account. Instead, the court observed that both a United States Sentencing Guidelines ("Guidelines") policy statement, see U.S.S.G. § 5K2.19, and the balance of the 18 U.S.C. § 3553(a) sentencing factors counsel against assigning weight to post-sentence rehabilitation, and thus, the court rea-

soned, such rehabilitation would warrant a sentence reduction only in an extraordinary case. Because Arenas did not allege extraordinary post-sentence rehabilitation, the district court concluded that a reduction was not warranted.

The record supports the district court's conclusion that Arenas did not allege extraordinary post-sentence rehabilitation; thus, we agree that the court was not obligated to reduce her sentence on that basis.[2]

■ 2. Arenas next contends that she is entitled to a two-level "minor participant" downward adjustment. See U.S.S.G. § 3B1.2(b). Arenas bears the burden of proving that she is entitled to such an adjustment. United States v. Awad, 371 F.3d 583, 591 (9th Cir.2004). Whether a defendant qualifies as a minor participant is a factual determination subject to the clearly erroneous standard of review. United States v. Cantrell, 433 F.3d 1269, 1282 (9th Cir.2006).

The district court denied Arenas' request for a minor participant adjustment at her first two sentencing hearings and, at the third, it assumed that the prior denials had become the "law of the case." Even assuming that the district court erred in concluding that the prior denials were binding, however, any error was harmless.

In all three sentencing proceedings, the district court referred to testimony at Arenas' trial which indicated that she was

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Arenas initially received a sentence of 235 months' imprisonment. After an appeal, partial reversal of her conviction, remand for resentencing, imposition of the same sentence on remand, another appeal, and a second remand for resentencing, the district court imposed the sentence we review here.

2. In United States v. Sanchez, 569 F.3d 995, 997–1000 (9th Cir.2009), we held that the sentencing court could not consider post-sentencing rehabilitation on a limited remand for resentencing under United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). We expressly left open, however, whether post-sentencing conduct could be considered on a remand for "full resentencing." Id. at 998–99 & n. 1.

substantially involved in the charged drug trafficking, and found that, on several occasions, she either took over entirely or directed her husband's drug trafficking activities. As the government points out, several examples of trial testimony support the court's finding.

Arenas makes no attempt to show that the district court's finding was clearly erroneous, and limits the argument in her brief to the court's alleged misapplication of the law of the case doctrine. In the absence of any persuasive argument that the district court clearly erred in concluding that Arenas' involvement in the offense was not minor, she has not carried her burden of establishing entitlement to a minor participant adjustment.

■ 3. Finally, Arenas contends that, apart from any procedural defects, her sentence is substantively unreasonable. In reviewing substantive reasonableness we apply "the familiar abuse-of-discretion standard of review." *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).

After considering the relevant § 3553(a) sentencing factors, the district court settled on a sentence twelve months below the bottom of the applicable Guidelines range. The court explained that the twelve-month downward variance was necessary to account for the disparity between Arenas' sentence and the sentences of her co-defendants. *See* 18 U.S.C. § 3553(a)(6) (instructing courts to avoid "unwarranted" sentencing disparities between defendants found guilty of similar conduct). In the court's judgment, leaving in place some degree of disparity in the respective sentences was reasonable because Arenas' co-defendants had accepted responsibility for

their crimes and, in some cases, provided the government with substantial cooperation, while Arenas had not. The court also emphasized that Arenas had been involved in a "very major drug conspiracy" that "undoubtedly caused substance abuse issues for many, many, many people in [the] community," and that a long sentence was thus necessary for general deterrence and to send a strong message.

Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall*, 128 S.Ct. at 597, we conclude that the district court did not abuse its discretion in imposing a sentence of 176 months' imprisonment.

**AFFIRMED.**