**NOT FOR PUBLICATION**

**FILED**

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br> v.<br><br>JOSEPH BRENT LOFTIS,<br><br>  Defendant-Appellant. | No.  19-30228<br><br>D.C. No. 2:15-cr-00011-DLC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Joseph Brent Loftis appeals from the 82-month sentence imposed upon

remand for resentencing following his jury-trial convictions for multiple counts of

wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of

18 U.S.C. § 1957.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Loftis's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Loftis has filed a pro se supplemental opening brief. No answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal. Contrary to Loftis's pro se assertion, the district court correctly calculated the Guidelines range on remand. Loftis's additional pro se arguments cannot be raised in the instant appeal because they were not raised in his first appeal. *See United States v. James*, 109 F.3d 597, 599 (9th Cir. 1997) (claim that is not raised in first direct appeal may not be raised in second appeal). We do not reach on direct appeal Loftis's claim that his counsel from his first appeal provided ineffective assistance. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Loftis may raise that claim, as well as any other claim requiring development of facts outside the record, in a 28 U.S.C. § 2255 motion.

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED.**