**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John A. GRAVES, Defendant–Appellant.**

**No. 93–5118.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 6, 1993.

Decided Sept. 10, 1993.

---

Michael A. Bennett (briefed), Robert B. Beasley, Jr. (argued), Office of the U.S. Atty., Louisville, KY, for plaintiff-appellee.

John Fowler, III (argued and briefed), Louisville, KY, for defendant-appellant.

Before: KEITH and KENNEDY, Circuit Judges; and JORDAN, District Judge.*

KENNEDY, Circuit Judge.

Defendant John A. Graves appeals the sentence imposed upon his plea of guilty to aggravated sexual abuse by force, in violation of 18 U.S.C. § 2241(a)(1), and sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). On appeal, defendant contends that the District Court erred in applying an upward adjustment for the use of force under United States Sentencing Guideline ("U.S.S.G.") Section 2A3.1(b)(1). For the reasons set forth below, we affirm.

## I.

On July 3, 1992, the Fort Knox, Kentucky, Criminal Investigative Division ("CID") received notification from the Fort Knox military police desk that a juvenile male had been sexually assaulted at the carnival grounds on Fort Knox. That same day, a special agent from the CID interviewed R.J.B., the juvenile male, who had been sexually assaulted by defendant. Both R.J.B. and the defendant were employed by a carnival company. R.J.B. told the agent that defendant had offered him a place to sleep. Thereafter, R.J.B. and the defendant entered the sleeping compartment of a Kenworth semi-truck that was parked on the carnival grounds. R.J.B. told the agent that upon entering the truck, the defendant slapped him in the face and choked him. Defendant then anally sodomized R.J.B. against his will.

On October 1, 1992, defendant appeared with counsel and entered a plea of guilty to a two-count indictment. Count 1 of the indictment charged that:

On or about July 3, 1992, in the Western District of Kentucky at Fort Knox, Kentucky, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, the defendant ... did knowingly cause R.J.B., a juvenile, to engage in a sexual act, to wit, contact between the penis and the anus by the use of force against R.J.B., in that the defendant slapped and choked R.J.B., all in violation of Title 18, United States Code, Section 2241(a)(1).

The appropriate sentence for a violation of 18 U.S.C. § 2241(a)(1) is calculated pursuant to U.S.S.G. § 2A3.1. The base offense level is twenty-seven. U.S.S.G. § 2A3.1(a). An upward adjustment of four levels is mandated "[i]f the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) (including, but not limited to, the use or display of any dangerous weapon)." U.S.S.G. § 2A3.1(b)(1). On January 11, 1993, the District Court applied § 2A3.1(b)(1) and sentenced defendant to 121 months imprisonment and three years supervised release.

## II.

■ This Court reviews a district court's factual findings which underlie the application of a guideline provision for clear error, and renders *de novo* review of the court's legal conclusions. *United States v. Garner,* 940 F.2d 172, 174 (6th Cir.1991). Defendant argues that the District Court improperly calculated his sentence. Specifically, defendant contends that the four-level enhancement for the use of force pursuant to U.S.S.G. § 2A3.1(b)(1) should not have been granted. He argues that the base offense level adequately accounts for the use of force which is inherent in all sexual abuse cases and that no further adjustment is warranted.

■ The Sentencing Guidelines clearly provide that § 2A3.1 is the applicable guideline provision for criminal sexual abuse of-

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

fenses under 18 U.S.C. § 2241 (Aggravated Sexual Abuse) and 18 U.S.C. § 2242 (Sexual Abuse). *See* U.S.S.G. § 2A3.4(c)(1). Section 2A3.1(b)(1) specifically directs that "If the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) (including, but not limited to, the use or display of any dangerous weapon), increase by four levels." In the circumstances of this case, "the means set forth in 18 U.S.C. § 2241(a)" are "by using force against [the] other person." *See* 18 U.S.C. § 2241(a)(1);[1] U.S.S.G. § 2A3.1 application note 2. In *United States v. Amos*, 952 F.2d 992 (8th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1774, 118 L.Ed.2d 432 (1992), the defendant was convicted of aggravated sexual abuse by force under 18 U.S.C. § 2241(a)(1). The District Court refused to apply an upward adjustment for the use of force (under § 2A3.1(b)(1)) because it believed the sentencing guidelines adequately took into account the force inherent in aggravated sexual abuse. The Eighth Circuit reversed, holding that "for the adjustment to apply the Government need not show 'a greater degree of force than is necessary to sustain a conviction [of aggravated sexual abuse by force].'" *Id.* at 994 (quoting *United States v. Eagle Thunder*, 893 F.2d 950, 956 (8th Cir.1990)). *See also United States v. Norquay*, 987 F.2d 475, 480 (8th Cir.1993) ("It is well settled that evidence sufficient for a conviction under 18 U.S.C. § 2241(a)(1) is also sufficient to sustain the application of an enhancement for the use of force under the guidelines."). Defendant is not correct in his assertion that the four-level enhancement will always apply. In cases involving sexual abuse as opposed to aggravated sexual abuse, or in the case of an attempted aggravated sexual abuse, the four-level enhancement might not apply. We agree with the Eighth Circuit, that in cases in which the evidence is sufficient to sustain a conviction "of aggravated sexual abuse by force," the adjustment will apply.

Here, defendant pled guilty to having violated 18 U.S.C. § 2241(a)(1) and specifically to having used force to effect the crime by slapping and choking his victim. The District Court also found that Graves used force to commit the offense. This finding is sufficient to justify the four-level enhancement.

### III.

We therefore **AFFIRM** the District Court's application of the four-level increase for the use of force.

---

1. 18 U.S.C. § 2241 provides, in pertinent part: (a) **By force or threat.**—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly causes another person to engage in a sexual act—

(1) by using force against that other person or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.