**UNITED STATES of America,**
**Appellee,**

v.

**Rasheen NEWKIRK, Defendant–**
**Appellant.**

**No. 02–1355–cr.**

United States Court of Appeals,
Second Circuit.

June 21, 2006.

Randall D. Unger, Bayside, New York, for Appellant.

Joel L. Violanti, for Terrance P. Flynn, United States Attorney, Western District of New York, Buffalo, New York, for Appellee.

PRESENT: Honorable RALPH K. WINTER, Honorable REENA RAGGI, Circuit Judges, Honorable KENNETH M. KARAS,[1] District Judge.

### SUMMARY ORDER

Defendant Rasheen Newkirk was convicted after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and on May 15, 2002, he was sentenced principally to 112 months' imprisonment. On this appeal,

Newkirk argues that the trial evidence was insufficient to support his conviction and that his case should be remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government contests Newkirk's sufficiency challenge but consents to a remand for further proceedings consistent with *United States v. Crosby*, 397 F.3d 103. We assume the parties' familiarity with the facts and the record of prior proceedings.

### 1. *The Sufficiency Challenge*

A defendant raising a sufficiency challenge to his conviction bears a "heavy burden," *United States v. Xiao Qin Zhou*, 428 F.3d 361, 369–70 (2d Cir.2005), because although our standard of review is *de novo*, *United States v. Reyes*, 302 F.3d 48, 52–53 (2d Cir.2002), we consider the evidence in the light most favorable to the government, crediting every inference the jury might have drawn in the government's favor, and deferring to the jury's determination of the weight of the evidence and the credibility of witnesses, *see, e.g., United States v. Bruno*, 383 F.3d 65, 82 (2d Cir. 2004). We will uphold the jury verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Xiao Qin Zhou*, 428 F.3d at 369–70; *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In this case, two off-duty police officers testified to seeing Newkirk in possession of a firearm on the evening of August 5, 2001. One of these witnesses testified to seeing Newkirk fire the gun and then run in the direction of the location where a gun was later found by the

1. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

police. *See* Trial Tr. 41–42, 94–97. Despite this compelling evidence of guilt, Newkirk asserts that it was insufficient to support a guilty verdict because the officers' credibility was seriously impeached. These arguments were presented to the jury; that body having rejected the adverse inferences urged by Newkirk, we defer to its findings. As this court recently reiterated, "[w]e will not attempt to second-guess a jury's credibility determination on a sufficiency challenge." *United States v. Florez*, 447 F.3d 145, 156 (2d Cir.2006); *see United States v. Dhinsa*, 243 F.3d 635, 648–49 (2d Cir.2001); *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998); *United States v. Persico*, 832 F.2d 705, 716–17 (2d Cir.1987). In sum, because we are obliged to view the evidence, including the direct testimony of eyewitnesses to Newkirk's firearm possession, in the light most favorable to the government, we necessarily conclude that it was sufficient to support the jury's guilty verdict.

### 2. *Crosby Remand*

■ In sentencing Newkirk to a 112–month term of incarceration, two months above the low end of his 110–to–120–month Sentencing Guidelines range, the district court proceeded under the assumption that the Guidelines were mandatory. *See* Sentencing Tr. at 4–6, 20–21. Because such an error must be deemed plain on appellate review, *see United States v. Williams*, 399 F.3d 450, 460 (2d Cir.2005), we remand to the district court for further proceedings consistent with *United States v. Crosby*, 397 F.3d 103.

The May 22, 2002 judgment of conviction is hereby AFFIRMED in part and the case is REMANDED for further proceed-ings relating to sentencing consistent with *United States v. Crosby*, 397 F.3d 103.