06-0133-cr
United States v. Mincey (Ferrell)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Submitted: May 3, 2007                    Decided: May 11, 2007)

Docket No. 06-0133-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

DESHAWN FERRELL,

*Defendant-Appellant,*

TYSHEA MINCEY*,*

*Defendants*.

_____

Before: WINTER, CALABRESI, and SOTOMAYOR, *Circuit Judges*.

_____

Appeal from the January 6, 2006, judgment of the United States District Court for the Southern District of New York (Brieant, *J.*), declining to resentence defendant and affirming his original sentence for firearm-related charges.

Affirmed.

_____

Theodore S. Green, Green & Willstatter, White Plains, NY

Cathy Seibel, Deputy United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief),

*for* Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY

_____

PER CURIAM:

Defendant-appellant Deshawn Ferrell appeals from a final order of the United States District Court for the Southern District of New York (Brieant, *J*.) declining to resentence defendant and affirming his original sentence for firearm-related charges.  On appeal, Ferrell raises three challenges to the district court's decision not to resentence him.  First, defendant argues that the district court violated his due process rights when, on remand, it would not take into account the relevant sentencing facts and circumstances as they existed at the time of the hearing to consider whether to resentence him, including evidence of post-judgment prison rehabilitation.  Second, Ferrell asserts that when the district court did not resentence him it erred, because all errors under *United States v. Booker*, 543 U.S. 220 (2005), are structural.  Third, defendant contends that the length of his sentence renders it unreasonable.  Each of these claims is unavailing.

Ferrell's first argument takes issue with the district court's failure to consider evidence of his post-conviction rehabilitation when deciding whether to resentence him.  But we have repeatedly held that a district court is not to consider such evidence on a remand under *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  Rather, on a *Crosby* remand, a district court must first make a "threshold determination" of whether, "*based on the circumstances at the time of the original sentence*," it would have imposed a different sentence had it known the Guidelines were advisory.  *Id*. at 120 (emphasis added).  If the district court finds it would not have imposed a

materially different sentence, that is the end of the matter. *Id*. at 121; *see also United States v. Garcia*, 413 F.3d 201, 229 (2d Cir. 2005). Only if the district court answers the threshold determination in the affirmative does a resentencing occur. *See United States v. Williams*, 399 F.3d 450, 461 (2d Cir. 2005).

Defendant, in effect, acknowledges that the restriction on district courts' consideration of evidence of post-conviction rehabilitation is the law of the circuit. But he asserts that the *Crosby* remand scheme for unpreserved *Booker* errors "does not afford the full benefits of the due process protections that ought to accompany retroactive application of *Booker*" and urges this court to adopt the system for such errors embraced by the Third Circuit. *See United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005) (en banc) (explaining the Third Circuit approach).

In *Williams*, however, we expressly rejected the automatic resentencing approach adopted by the Third Circuit. We explained that our circuit's process for addressing unpreserved *Booker* errors – unlike the procedure adopted by the Third Circuit or the automatic affirmance scheme embraced by some other circuits – adequately protected the rights of defendants entitled to retroactive application of *Booker* but also properly balanced those rights with the need to avoid the "needless burdens and risks of automatic resentencing." 399 F.3d at 460. We specifically identified the dangers we thought it necessary to avert as "the risks [that] arise from the fact that, if the defendant is resentenced on the basis of circumstances existing at the time of the resentencing, new aggravating facts might increase the sentence or new mitigating facts might reduce it." *Id*. at 459 (internal citation omitted). Moreover, we explained that an automatic remand for resentencing would give some defendants more process than they were due under the controlling plain error analysis. *Id*.

3

As this court has already rejected the automatic resentencing procedure embraced by the Third Circuit and determined that the *Crosby* approach adequately protects the rights of defendants whose sentences were affected by unpreserved *Booker* errors, we reject Ferrell's argument that our implementation of *Booker* – which precludes district courts, on a *Crosby* remand, from taking into account evidence of post-judgment conduct – violates his due process rights.[1]

Ferrell next contends that because all *Booker* errors are structural, the district court erred when it did not resentence him. But this court has expressly held that such errors are not structural, *see United States v. Roque*, 421 F.3d 118, 123 (2d Cir. 2005), as have various other circuits. *See United States v. Martinez-Lugo*, 411 F.3d 597 (5th Cir. 2005); *United States v. White*, 405 F.3d 208, 221-22 (4th Cir. 2005); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 734 (10th Cir. 2005) (en banc).

Finally, Ferrell asserts that even if the evidence relating to his post-conviction rehabilitation was properly not taken into account, his sentence is substantively unreasonable in light of some of his personal characteristics. But given all the circumstances cited by the district court, including Ferrell's leadership role in the offense; the serious nature of trafficking in firearms, particularly when those firearms are sold to individuals involved in other serious

---

[1] We also note that, even under the Third Circuit approach, evidence of post-offense rehabilitation is considered on remand only in "an unusual case." *See United States v. Lloyd*, 469 F.3d 319, 325 (3d Cir. 2006) ("[I]t would be an unusual case in which a defendant's post-sentence rehabilitation efforts following a *Booker* remand should impact on the sentence. After all, by definition those circumstances did not exist at the time of the original sentence."); *id*. (finding that in the case under consideration the court was "unaware of any circumstance that could satisfy the exacting standard that we have set to justify a court in considering post-sentencing rehabilitation efforts following a *Booker* resentencing").

crimes; his efforts to obstruct the investigation into his crimes; and the fact the sentence does not exceed the applicable Guidelines range, we conclude that his sentence falls within the "broad range of reasonable sentences that the District Court could have imposed in the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

The judgment of the district court is therefore **AFFIRMED**.