**UNITED STATES of America, Appellee,**

v.

**Rasheen NEWKIRK, Defendant– Appellant.**

No. 06–5413–cr.

United States Court of Appeals, Second Circuit.

March 14, 2008.

Timothy W. Hoover, Federal Public Defender's Office, Western District of New York, Buffalo, NY, for Appellant.

Joel L. Violanti, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney, Buffalo, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. LORETTA A. PRESKA,* District Judge.

---

* The Honorable Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Rasheen Newkirk appeals the November 22, 2006 order of the United States District Court for the Western District of New York (Arcara, Chief Judge), denying his request for resentencing. *United States v. Newkirk,* 2006 U.S. DIST. LEXIS 85288 (W.D.N.Y. 2006). The order followed a June 21, 2006 summary order of this Court affirming Newkirk's conviction and remanding his case pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), to determine whether resentencing was necessary. *United States v. Newkirk,* 186 Fed.Appx. 116 (2d Cir.2006). On remand, the district court denied the defendant's request for resentencing, leaving in place the original sentence of 112 months' imprisonment. This appeal followed. We assume the parties' familiarity with the facts and procedural history of this case.

Newkirk argues that his sentence is both procedurally and substantively unreasonable for several reasons, and that the district court therefore erred in declining to resentence him on the *Crosby* remand. First, he argues that the district court failed to consider adequately the sentencing factors listed in 18 U.S.C. § 3553(a). Contrary to defendant's contention, the district court's general reference to the § 3553(a) factors, using standard language and without parsing each factor, is not an "insufficient demonstration" of the required consideration. *See United States v. Rose,* 496 F.3d 209, 213 (2d Cir.2007). Nor is there any indication that the district court failed to consider the requirements of the parsimony clause in § 3553(a). *See United States v. Williams,* 475 F.3d 468,

477 (2d Cir.2007) (declining to order a second *Crosby* remand simply because the district court did not specifically reference the parsimony clause). Here, because the district court stated that it considered the § 3553(a) factors in determining that resentencing was not necessary, and because there is no record evidence to suggest otherwise, *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) ("[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his or] her duty to consider the statutory factors"), the district court's denial of resentencing was not procedurally unreasonable. In addition, to the extent Newkirk contends that the district court should have considered post-sentencing rehabilitation in deciding whether to resentence him, "we have repeatedly held that a district court is not to consider such evidence on a [*Crosby*] remand." *United States v. Ferrell,* 485 F.3d 687, 688 (2d Cir.2007) (per curiam).

Appellant also argues that the length of the sentence is substantively unreasonable because "the offense conduct was not the most heinous or aggravated type of felon in possession offense." Newkirk's sentence of 112 months' imprisonment was two months higher than the minimum sentence for the Guidelines range calculated by the district court, and eight months less than the maximum. The district court found that a sentence at the very lowest end of the range would not be appropriate because it would "send out ... the wrong signal," and that the Guidelines range appropriately reflected the seriousness of the offense. Giving due respect to the district court's reasoned judgment, *see Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we cannot conclude that the sentence was an abuse of discretion.

For the foregoing reasons, we AFFIRM the judgment of the district court.