**UNITED STATES of America,**
**Appellee,**

v.

**Marco Antonio NUNEZ–GONZALEZ,**
**Defendant–Appellant,**

**Jorge A. Perez–Campos, Defendant.**

**Nos. 05–4064–cr(L), 06–29770–cr(Con).**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2008.

Joyce C. London, Law Office of Joyce C. London, Esq., New York, NY, Appearing for Appellant.

Jason P.W. Halperin, Celeste L. Koeleveld, Assistant United States Attorneys, Of Counsel (Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, Appearing for Appellee.

PRESENT: JON O. NEWMAN, ROGER J. MINER, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Marco Antonio Nunez–Gonzalez appeals from a May 30, 2006 order of the District Court, declining to resentence him following a remand from this Court pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). On September 13, 2004, the court sentenced defendant principally to a term of 135–months' incarceration following a guilty plea to two counts of conspiracy to distribute and possess with the intent to distribute five kilograms or more of mixtures containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846, and 18 U.S.C. § 2. We assume the parties' familiarity with the facts and procedural history of the case.

"In the post-*Booker* era, we review sentences for reasonableness." *United States v. Sanchez,* 517 F.3d 651, 660 (2d Cir.2008). This "involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." *United States v. Canova,* 485 F.3d 674, 679 (2d Cir.2007). Among other things, a district court "must make an individualized assessment of the appropriate sentence based on the facts presented and the factors detailed in [18 U.S.C.] § 3553(a)." *United States v. Jones,* 531

F.3d 163, 182 (2d Cir.2008) (internal quotation marks omitted).

A review of the record leaves us uncertain as to whether the District Court fully considered the sizeable disparity between the sentences of defendant and co-defendant Jorge Perez–Campos, who appears to have played a more significant role in the conspiracy but nevertheless received a substantially shorter sentence. We remand the case to the District Court in order for the Court to consider whether resentencing the defendant is appropriate in light of § 3553(a)'s axiom that courts should "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). We express no opinion on the merits of the Court's reconsideration of this question or on what sentence it should impose.

For the foregoing reasons, this matter is **REMANDED** to the District Court for proceedings consistent with this order.