09-1477-cr
United States v. Nunez-Gonzalez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of June, two thousand ten.

PRESENT: JON O. NEWMAN,
             CHESTER J. STRAUB,
             REENA RAGGI,
                *Circuit Judges.*

---------------------------------------------------------------------------

UNITED STATES OF AMERICA,

          *Appellee,*

      v.                         No. 09-1477-cr

MARCO ANTONIO NUNEZ-GONZALEZ,

          *Defendant-Appellant.*

---------------------------------------------------------------------------

APPEARING FOR APPELLANT:    MICHAEL A. YOUNG (Joyce C. London, *on the brief*), New York, New York.

APPEARING FOR APPELLEE:    KATHERINE POLK FAILLA, Assistant United States Attorney (Jason P.W. Halperin, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's order entered on January 27, 2009, is AFFIRMED.

Marco Antonio Nunez-Gonzalez pleaded guilty to conspiracy and attempt to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Sentenced principally to 135 months' imprisonment, the low end of his Guidelines range, Nunez-Gonzalez now appeals the reasonableness of the sentence and the district court's decision declining to resentence him on remand. See United States v. Nunez-Gonzalez, 295 F. App'x 473 (2d Cir. 2008). We review Nunez-Gonzalez's sentence for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc), considering both "the procedures used to arrive at the sentence (procedural reasonableness)" and "the length of the sentence (substantive reasonableness)," United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007); accord United States v. Cavera, 550 F.3d at 189. In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Mitigating Role Adjustment

Nunez-Gonzalez submits that a Guidelines calculation error in failing to grant him a minor or minimal role adjustment, see U.S.S.G. § 3B1.2, renders his sentence procedurally

2

unreasonable. While we have acknowledged some ambiguity regarding the standard governing our review of role adjustments, see United States v. Labbe, 588 F.3d 139, 145 n.2 (2d Cir. 2009), we properly review the district court's factual findings for clear error and its legal conclusions de novo, see United States v. Gotti, 459 F.3d 296, 349 (2d Cir. 2006). A minimal role adjustment is warranted for "defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. A minor role adjustment "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." Id. § 3B1.2 cmt. n.5. In making the "highly fact-specific determination" to grant either adjustment, a district court considers such factors as "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." United States v. Ravelo, 370 F.3d 266, 269-70 (2d Cir. 2004) (internal quotation marks omitted).

With these standards in mind, we conclude that the district court committed no error in declining to award a mitigating role adjustment. The district court was not required to accept Nunez-Gonzalez's assertions that his involvement with the drug trafficking conspiracy was merely "sporadic and peripheral," Appellant's Br. at 25, or that "his presence [was] more social than business-related," id. at 26; see United States v. Shonubi, 998 F.2d 84, 90 (2d Cir. 1993) ("A sentencing court is not bound to accept defendant's self-serving characterizations of his role in an offense."); accord U.S.S.G. § 3B1.2 cmt. n.3(C). In fact, the record shows

3

that Nunez-Gonzalez made three trips to New York to visit Jorge Arturo Perez Campos, who was involved in a drug trafficking conspiracy. During the second trip in early 2003, Nunez-Gonzalez accompanied a co-conspirator to Philadelphia to collect drug proceeds. During the third trip, Nunez-Gonzalez delivered an amount of money estimated at $100,000 to an individual associated with the drug trafficking conspiracy, accompanied a co-conspirator to the Bronx to pick up cocaine, made two more trips to Philadelphia to deliver drugs, and dropped off a car containing approximately ten kilograms of cocaine in New Jersey. While perhaps incipient, Nunez-Gonzalez's involvement was plainly important to the success of the venture.

Even if Nunez-Gonzalez's confederates were more involved in the drug trafficking enterprise, "a defendant may not receive a minor role adjustment solely because he played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be minor as compared to the average participant in such a crime." United States v. Jeffers, 329 F.3d 94, 103 (2d Cir. 2003) (alterations, internal quotation marks, and ellipsis omitted). In this respect, we have routinely upheld the denial of mitigating role adjustments for brokers or couriers dealing in even relatively small quantities of drugs. See, e.g., United States v. Imtiaz, 81 F.3d 262, 265 (2d Cir. 1996); United States v. Garcia, 920 F.2d 153, 154-55 (2d Cir. 1990); United States v. Adames, 901 F.2d 11, 12 (2d Cir. 1990). Accordingly, we identify no error in the district court's denial of a mitigating role adjustment.

2.      Cooperation

Nunez-Gonzalez's contention that "the district court's erroneous belief that it could not consider appellant Nunez-Gonzalez's cooperation absent a § 5K1.1 motion by the government renders the sentence unreasonable," Appellant's Br. at 29, finds no support in the law or the record. Absent record evidence suggesting otherwise, we presume that a sentencing judge understood his sentencing discretion under United States v. Booker, 543 U.S. 220 (2005), and faithfully discharged his duty to consider the 18 U.S.C. § 3553(a) factors, see United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008); see also United States v. Keller, 539 F.3d 97, 101 (2d Cir. 2008) (disavowing "formulaic requirements" or "robotic incantations" to discharge § 3553(a) duty). The record in this case provides no reason to question this presumption. To the contrary, Judge Berman expressly stated, "I acknowledge the efforts of [Nunez-Gonzalez] to cooperate and have taken those into account now twice so far . . . ." December 22, 2008 Tr. at 12. "Although [the sentencing judge] had the power, as long as the sentence imposed was reasonable, to reduce [defendant's] sentence in light of 'non-5K cooperation' under 18 U.S.C. § 3553(a), []he was under no obligation to provide any such benefit." United States v. Fernandez, 443 F.3d 19, 34 (2d Cir. 2006). Accordingly, we identify no procedural unreasonableness in the district court's decision declining to impose a lesser sentence based on Nunez-Gonzalez's attempts to cooperate with the government. Nor can we conclude that Nunez-Gonzalez's 135-month sentence – the bottom of the applicable Guidelines range – is substantively unreasonable. See Rita v. United States,

5

551 U.S. 338, 347 (2007); United States v. Cavera, 550 F.3d at 189.

### 3. Post-Sentence Rehabilitation

We last remanded this case to the district court for the sole purpose of allowing it "to consider whether resentencing the defendant is appropriate in light of § 3553(a)'s axiom that courts should 'avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.'" United States v. Nunez-Gonzalez, 295 F. App'x at 474. Nunez-Gonzalez asserts that, on remand, the district court erred by not considering his post-sentence rehabilitation and resentencing him accordingly. We disagree.

Our remand order did not vacate Nunez-Gonzalez's sentence or direct that he be resentenced.[1] Rather, it asked the district court "to consider whether resentencing the defendant is appropriate" in light of a single factor: possible sentencing disparity with co-defendants. Id. Such a remand was limited, not de novo. Cf. United States v. Rigas, 583 F.3d 108, 115-16 (2d Cir. 2009); United States v. Quintieri, 306 F.3d 1217, 1228 & n.6 (2d Cir. 2002). Indeed, it was akin to that in United States v. Crosby, 397 F.3d 103, 117 (2d Cir. 2005) (remanding for "determination of whether to resentence" (emphasis in original)). Such a remand does not permit consideration of post-sentence circumstances, such as rehabilitation, unless and until the district court decides that resentencing is warranted. See

---

[1] This case is not analogous to United States v. Hernandez, --- F.3d ---, 2010 WL 1780364, at *4 (2d Cir. 2010), in which we had vacated the sentence, requiring the district court to resentence, a circumstance requiring consideration of all factors identified in 18 U.S.C. § 3553(a) at the time of the new sentence.

6

<u>id.</u> at 120; <u>United States v. Ferrell</u>, 485 F.3d 687, 688-89 (2d Cir. 2007).

Even if the district court could have considered rehabilitation evidence in deciding whether to resentence defendant, we would identify no abuse of discretion in its conclusion that Nunez-Gonzalez's post-sentence activities – including learning to read, speak, and write English; obtaining his GED; working as a Spanish instructor; participating in Toastmasters; and completing an anger management course – did not warrant a reduced sentence. <u>See, e.g.</u>, <u>United States v. Cavera</u>, 550 F.3d at 189 ("[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (internal quotation marks, citation, and emphasis omitted)).

We have considered Nunez-Gonzalez's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the January 27, 2009 order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court