10-5274-cr
United States v. Confredo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges*.

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                No. 10-5274-cr

GARY J. CONFREDO,
*Defendant-Appellant*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:     JAMES H. FELDMAN, JR., Esq., Ardmore, Pennsylvania.

APPEARING FOR APPELLEE:       ROBIN W. MOREY (Katherine Polk Failla, *on the brief*) Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from an order of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on December 20, 2010, is AFFIRMED.

Gary J. Confredo, who was sentenced to 205 months' imprisonment for bank fraud and related crimes, appeals from the denial of resentencing on remand following our decision in United States v. Confredo, 528 F.3d 143 (2d Cir. 2008). Confredo contends that the district court erred in (1) denying his request for an expert under 18 U.S.C. § 3006A(e)(1), (2) finding him not to have carried his burden to show an intended loss less than $20 million, and (3) concluding that the scope of its remand authority did not permit resentencing based on rehabilitation.

In order to discuss these arguments, we first observe that, in remanding this case to the district court, we neither vacated the challenged 205-month sentence nor ordered resentencing. Rather, we remanded "for reconsideration of the sentence" in light of our decision to adopt the Third Circuit's "sensible approach" to determining intended loss for purposes of Guidelines calculation. Id. at 152, 156 (citing United States v. Geevers, 226 F.3d 186, 193–94 (3d Cir. 2000), in remanding "to afford Judge Sand an opportunity to reconsider the intended loss in accordance with this opinion"). That approach contemplates two possible steps. At the first step, "[t]he district court may presume that the defendant intended the victims to lose the entire face value of [a fraudulently procured loan]

2

instrument." Id. at 152. At the second step, the defendant is afforded an opportunity to "rebut the presumption by producing 'evidence to demonstrate that he actually intended' to cause a lesser loss." Id. (quoting Geevers, 226 F.3d at 193–94). In this case, the district court's Guidelines calculation had been based on the permitted presumption of a face value loss in excess of $20 million. Excusing defendant's possible forfeiture of any challenge to this calculation, we directed the district court, on remand, to "determine the extent, if any, to which Confredo has proven a subjective intent to cause a loss of less than the aggregate amount of the loans." Id.

The district court clearly understood the import of that direction. If Confredo carried his burden to demonstrate a lesser intended loss, there would have been a procedural error in the calculation of his Guidelines range requiring resentencing. See id. at 150 (observing that "any error in making the initial calculation of the applicable guideline range will normally undermine the validity of the resulting sentence, especially in a case like Confredo's where the non-Guidelines sentence is calculated precisely with reference to what a Guidelines sentence would have been"). But if Confredo failed to carry his burden, it meant not only that there was no Guidelines error, but also that any possible error in failing to afford Confredo an opportunity to rebut the loss presumption at the initial sentencing was necessarily harmless. See generally United States v. Crosby, 397 F.3d 103, 117 (2d Cir. 2005) (remanding for district court to indicate whether it would impose different sentence under advisory Guidelines, with affirmative answer requiring resentencing and negative

3

answer indicating that error in treating Guidelines as mandatory was harmless). With this clarification of the remand order, we address Confredo's arguments.

1.    Expert Witness

We review the district court's denial of Confredo's request for public funds to hire an expert on bank lending practices for abuse of discretion, see United States v. Sanchez, 912 F.2d 18, 21–23 (2d Cir. 1990), and we identify none here.  As the district court reasonably observed, the proposed expert might be competent to provide statistical information as to the frequency with which truthful loan applications were rejected—a matter not disputed by the government—but such evidence would have had little relevance to the court's assessment of Confredo's intent with respect to losses resulting from loan applications fabricated to satisfy lender criteria.  No different conclusion is compelled by Confredo's argument on appeal that he expected a significant number of fabricated applications to be denied in light of changing loan criteria and the applicants' lack of prior business credit history.  Nothing in the record demonstrates the proposed expert's competence to testify to such matters in the context of fraudulent applications.  In sum, the district court reasonably concluded that Confredo failed to show that an expert was "necessary for adequate representation."  18 U.S.C. § 3006A(e)(1).

2.    Intended Loss

After reviewing supplemental written submissions and conducting a hearing at which Confredo testified, the district court filed a detailed opinion finding that Confredo had failed

4

to prove that he intended a loss less than the face value of his fraudulent loan applications. See United States v. Confredo, 759 F. Supp. 2d 347, 350–54 (S.D.N.Y. 2010). We review the factual findings underlying this determination only for clear error, see United States v. Ravelo, 370 F.3d 266, 269 (2d Cir. 2004), according particularly strong deference to the district court's adverse assessment of Confredo's credibility, see United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008). Confredo fails to establish clear error.

While our prior decision stated that a defendant might carry his rebuttal burden by showing that he expected a certain number of his applications to be rejected, see United States v. Confredo, 528 F.3d at 152, implicit in that statement was an assumption that the showing would be made by credible evidence. Here, the district court explained that Confredo's professed rejection expectations were not credible in light of his own contradictory statements and actions. See United States v. Confredo, 759 F. Supp. 2d at 352. Insofar as Confredo takes issue with some of the testimonial inconsistencies identified by the district court regarding his purported strategy of inflating loan applications expecting lesser amounts to be approved, we identify no clear error in the weight the district court accorded the evidence. In any event, Confredo cannot refute the district court's observation that his testimony on this matter was self-serving and uncorroborated. Id. at 352-53. Nor can Confredo ascribe the lack of corroboration to the rejection of his expert witness application as such an expert would not have been competent to testify that Confredo had, in fact, inflated the loan requests.

5

Identifying no error in the district court's finding that Confredo failed to carry his burden to show an intended loss less than the face value of the loan applications, we further conclude that the district court correctly concluded that no procedural error infected his challenged sentence so as to require resentencing.

3.     Rehabilitation

Because we did not order resentencing on remand and because the district court's findings as to intended loss identified no error requiring resentencing, Confredo's argument for resentencing based on post-sentencing rehabilitation fails on the merits. See United States v. Ferrell, 485 F.3d 687, 688-89 (2d Cir. 2007) (rejecting consideration of post-sentencing rehabilitation in absence of threshold determination that resentencing was warranted on other grounds). That conclusion accords with Pepper v. United States, 131 S. Ct. 1229 (2011), which held that a district court may consider evidence of post-sentence rehabilitation "when resentencing petitioner after his initial sentence had been set aside on appeal." Id. at 1236. The remand orders in that case were "general remands for resentencing, which did not place any limitations on the discretion of the newly assigned district court judge in resentencing." Id. at 1239 (internal quotation marks and alterations omitted). The Supreme Court specifically noted that its decision did not "preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of post-sentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding." Id. at 1249 n.17. That is this case. Our remand order was limited to affording

6

the district court an opportunity to reconsider loss in light of our clarification of applicable law in order to determine if there had been a Guidelines calculation error warranting resentencing. No such error having been identified on remand, no resentencing was required. Thus, the district court correctly concluded that any evidence of post-sentencing rehabilitation is irrelevant.

The order of the district court denying resentencing is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court