14-1728-cr (L)
*United States v. Wallace*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.

PRESENT:

   CHESTER J. STRAUB,
   BARRINGTON D. PARKER,
   SUSAN L. CARNEY,
       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.           Nos. 14-1728-cr (L),
                 14-1980-cr (Con)

JERKENO WALLACE, AKA UPTOWN, AND
NEGUS THOMAS, AKA BROWN EYES, AKA B.E.,

     *Defendants-Appellants*,

KELVIN COLEMAN, KIMBERLY CRUZE, LAVAR
JACKSON, AKA SMOKEY, PETER PITTER, ENRIQUE
STEWART, KAVOHN TAYLOR, AKA OX, KUWAN
WALLACE, AKA KILLER Q, SHAKON WALLACE,
AKA SHOCK, AARON WOOD,

     *Defendants.**

_____

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR APPELLEE:                                    MICHAEL J. GUSTAFSON, Assistant United
                                                 States Attorney (Marc H. Silverman,
                                                 Assistant United States Attorney, *on the
                                                 brief*), *for* Deirdre M. Daly, United States
                                                 Attorney for the District of Connecticut,
                                                 New Haven, CT.

FOR DEFENDANT-APPELLANT
WALLACE:                                         RICHARD S. CRAMER, ESQ., Hartford, CT.

FOR DEFENDANT-APPELLANT
THOMAS:                                          VIVIAN SHEVITZ, ESQ., South Salem, NY.

Appeal from orders of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the causes are **REMANDED** for further proceedings consistent with this order.

Defendants-Appellants Jerkeno Wallace and Negus Thomas challenge as procedurally and substantively unreasonable the District Court's May 14, 2014 denials of their requests to modify or reduce their sentences under 18 U.S.C. § 3582. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to remand to the District Court in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

On May 13, 2003, after a jury trial, Wallace and Thomas were convicted of six counts and seven counts, respectively, arising from their roles in drug trafficking and a drive-by murder. On December 12, 2003, Judge Thompson sentenced Wallace and Thomas each to an effective term of life imprisonment (principally for the drug trafficking conspiracy and the drive-by murder convictions) and a consecutive term of ten years' imprisonment (for convictions for related use of a firearm). Wallace and Thomas appealed their convictions and sentences on numerous grounds.

Except for a limited remand not relevant here, our Court affirmed the convictions. At the same time, we ruled that because Wallace and Thomas were sentenced under a mandatory-guideline regime that had since been rejected in *United States v. Booker*, 543 U.S. 220 (2005), we were compelled to remand their causes to the District Court for further proceedings in conformity with the process laid out in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *See United States v. Wallace*, 447 F.3d 184, 185 (2d Cir. 2006); *United States v. Wallace*, 178 F. App'x 76, 81 (2d Cir. 2006). Our *Crosby* process calls for remand to the district court "not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *Crosby*, 397 F.3d at 117 (emphasis in original). *Crosby* thus demands *plenary* resentencing only if a district court first determines that it would have imposed a "nontrivially different sentence" under the *Booker* regime. *Id.* at 118.

Eight years after our *Crosby* remand in their cases, the District Court denied defendants' requests for resentencing and left untouched the sentences it originally imposed.[1] Adhering to our *Crosby* protocol, the District Court first "obtain[ed] the views of counsel" to determine whether to resentence "based on the circumstances at the time of the original sentence." *Id.* at 120. After considering defendants' submissions, the District Court concluded that it would not have imposed a nontrivially different sentence as to either defendant had it understood the Guidelines to be advisory when first imposing sentences. It stated several grounds in support of its decision. These included that it would not have exercised its discretion to depart downward from the Guidelines when it imposed the original sentences and, as discussed in more detail below, that nothing it had learned about any "positive changes" the defendants had undergone since the time of the original sentencing proceedings had caused it to change its mind about the need to impose a life

---

[1] We are troubled that Wallace and Thomas had to wait so long for the District Court to decide their requests for resentencing and to complete the *Crosby* remand process. Defendants identify no meaningful prejudice resulting from the delay, however, and the lapse of time, while certainly regrettable because of the prolonged uncertainty that it caused, does not affect our analysis of the legal issues bearing on this appeal.

3

sentence on defendants in order to protect society and deter others from similarly violent acts. Order: The Request for Post-Booker Resentencing as to Jerkeno Wallace [ECF No. 657], at *3-*5, *United States v. Thomas*, No. 3:02-cr-00072-AWT (D. Conn. May 14, 2014); Order: The Request for Post-Booker Resentencing as to Negus Thomas [ECF No. 658], at *3-*5, *United States v. Thomas*, No. 3:02-cr-00072-AWT (D. Conn. May 14, 2014).

On appeal, Wallace and Thomas argue that the District Court erred in commenting on the absence of any demonstrations of subsequent remorse and lack of post-sentence rehabilitation—comments that the District Court made without having solicited relevant submissions from them. Rather, they assert, they should have been permitted to submit "updates" to the court before the court performed its analysis.

A district court's "threshold determination" under *Crosby*, however, is whether—based on the circumstances as they were at the time of the original sentence—it would have imposed a nontrivially different sentence under the post-*Booker* regime such that a plenary resentencing is warranted. *Crosby*, 397 F.3d at 119-20. We have repeatedly directed district courts not to consider evidence of post-conviction rehabilitation at the first step of a *Crosby* remand. *See United States v. Ferrell*, 485 F.3d 687, 688 (2d Cir. 2007). Rather, "[i]f the district court finds it would not have imposed a materially different sentence, that is the end of the matter." *Id.*

In view of the limited scope of *Crosby*'s mandate, however, we are concerned by language in the District Court's *Crosby* orders tending to suggest that it may have impermissibly considered post-sentence remorse and rehabilitation, or a perceived lack thereof, in determining that full resentencing was not required. In particular, although the court wrote in its decisions as to each defendant that it limited its consideration of "anything it ha[d] learned about the defendant[s] since the time of the original sentencing" to that permissible "[w]ithin the structure of the *Crosby* remand," it concluded:

> [A]lthough in some cases defendants who have had time for reflection undergo positive changes, the court has received no submission that persuades it that such a possibility exists here. Consequently, the court concludes that defendant's sentence would not have differed at all

4

from that imposed, much less differed in a non-trivial manner and that a hearing is not required and would not be helpful.

Order: The Request for Post-Booker Resentencing as to Jerkeno Wallace [ECF No. 657], at *4-*5, *United States v. Thomas*, No. 3:02-cr-00072-AWT (D. Conn. May 14, 2014); Order: The Request for Post-Booker Resentencing as to Negus Thomas [ECF No. 658], at *4-*5, *United States v. Thomas*, No. 3:02-cr-00072-AWT (D. Conn. May 14, 2014). On this record, therefore, we cannot be confident that the District Court's first-stage *Crosby* decision was not improperly informed by a perceived lack of post-sentencing remorse or rehabilitation.[2]

Accordingly, we remand the causes in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), with directions to the District Court that it issue orders clarifying whether, *without* considering the absence of evidence of post-sentence remorse and rehabilitation, it would have reached the same decisions not to resentence defendants. Within fourteen days of the entry of the District Court's responsive orders, any party to those proceedings may restore the causes to this panel by giving notice of a renewed appeal to the Clerk of Court.

* * *

The causes are hereby **REMANDED** to the District Court for further proceedings consistent with this opinion.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Defendants' reliance on *Pepper v. United States*, 131 S. Ct. 1229 (2011), is unavailing. In *Pepper*, the Supreme Court held only that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of post-sentencing rehabilitation and that such evidence may support a downward variance from the Sentencing Guidelines. *See id.* at 1236. The *Pepper* Court expressly excluded from the scope of its holding those "limited remands by the Courts of Appeals" of the type contemplated in *Crosby*. *See id.* at 1249 n.17; *see also United States v. Bernardo Sanchez*, 569 F.3d 995, 1000 (9th Cir. 2009).

5