UNITED STATES of America,
Appellee,

v.

Omar **PORTEE,** also known as **OG Mack,** also known as **The Godfather of the Bloods,** also known as **The Big Homey,** also known as **The Unknown,** also known as **Anybody Killer,** also known as **The Almighty,** also known as **The Panther,** also known as **The Big Lion,** also known as **Omar Porter,** also known as **Amar Porter,** also known as **John Johnson,** also known as **John Varfly,** also known as **Pierre Johnson,** also known as **Ron Johnson,**

Lemrey Andrews, also known as Pimp Blood Red, also known as Pimp Bloody, also known as Pimp, also known as Gerald Andrews, also known as Lenny Andrews, also known as Emmy Clark, also known as Young Redd, also known as PI, Gary E. Jackson, also known as OG G, also known as Gerry G, also known as B–More, also known as Lamont Jackson, also known as Monie Jackson, also known as Pierre Johnson, also known as Maurice Johnson, also known as I–Reek Moet, Defendants–Appellants,

Paulette McCartha, also known as OG P Ditty Mack, also known as P Ditty, also known as Mommy, also known as Big Momma, also known as Bif Mamma, also known as Jack Ma, also known as Prelette McCartha, Raliek Moore, Jr., also known as KO, also known as OG 5–9 Brim, also known as Ronald Moore, also known as Robosin May, also known as Ronald N. May, also known as Ronni Moore, Ronnell Booth, also known as Famo, Anthony Hernandez, also known as Lucky, also known as Oliver Goldstein, also known as Michael Angel Hernandez, Setowah Varfley, also known as Afrika, also known as Sandra Griffith, also known as Peggy V. Mathis, also known as Peggy Varfley, Wanda Williams, also known as Frank Anthony Nina, also known as Katherine Moore, also known as Tina Lopez, Latia Harris, also known as Titi, also known as Donald Arson, Darryl Strong, also known as Shaheem, also known as Syed I. Shah, also known as Shiam, Jerome Frazier, also known as Rico, Jessica Bachman, also known as Katherine Moore, also known as Karen Young and LNU1–01CR0450–015, also known as Rosalie Cream, Dushon Foster, also known as Jah Bee, also known as Bloody Jay Bee, also known as Ivien Jones, also known as Show Foster, also known as Shun Foster, also known as Shawn Davis, also known as Shon Foster, Defendants.

Nos. 03–1251–DR(L), 03–1257–CR, 03–1258–CR.

United States Court of Appeals, Second Circuit.

April 29, 2005.

Susan M. Damplo, Ardsley, N.Y. for Defendant–Appellant Omar Portee.

Jonathan Svetkey, Watters & Svetkey, New York, N.Y. for Defendant–Appellant Lemrey Andrews.

David Cooper (Steven Z. Legon, on the brief), New York, N.Y. for Defendant–Appellant Gary E. Jackson.

Daniel M. Gitner, Assistant United States Attorney (Ronnie Abrams, Elizabeth F. Maringer, Celeste L. Koeleveld, Assistant United States Attorneys, David N. Kelley, United States Attorney for the Southern District of New York), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: CABRANES, SACK, Circuit Judges and KORMAN,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED** in part and **REMANDED** for consideration of whether to resentence.

Following a jury trial in the District Court, defendants Omar Portee, Lemrey Andrews, and Gary E. Jackson were convicted of various offenses arising from their involvement with the "Bloods" gang. On April 14, 2003, the District Court sentenced Portee principally to 50 years' imprisonment. Two days later, Andrews and Jackson were sentenced principally to 352 months' and 336 months' imprisonment, respectively.

On appeal, Portee argues that the District Court erred by (1) proceeding with jury *voir dire* at a time when Portee was absent, allegedly due to an asthma attack;

(2) questioning jurors, outside defendants' presence, regarding possible bias from exposure to media reports; and (3) failing to remove a juror who allegedly equivocated about his impartiality after exposure to media reports. Portee also argues that (4) he was afforded ineffective assistance of counsel by trial counsel who failed to challenge the allegedly equivocating juror.

Andrews argues that his trial was rendered unconstitutional by the jury's alleged exposure to media reports during the trial. Andrews also argues that he was afforded ineffective assistance of counsel by his trial counsel's failure to review certain audiotape recordings prior to trial. In addition, we granted Andrews' motion to adopt Portee's arguments (2), (3), and (4).

Jackson argues that evidence adduced at trial by the Government was insufficient to sustain convictions on certain conspiracy and firearms charges against him. Jackson also argues that the District Court erroneously enhanced his sentence for causing serious bodily injury, pursuant to U.S.S.G. § 2A2.1.

Finally, prior to oral argument, all three defendants argued that they were sentenced in violation of their Sixth Amendment rights because the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applied to the United States Sentencing Guidelines.

We have considered all of defendants' arguments challenging their respective convictions and, with one exception, find them to be without merit. We do not resolve that part of defendant Andrews's claim of ineffective assistance of counsel in which he argues that, if his attorney had

---

listened to a devastating audiotape before trial, as he should have, he would have recommended that Andrews plead guilty. Whether a competent lawyer listening to the tape before trial would have recommended a guilty plea and whether the defendant would have accepted that advice is more appropriately addressed in a proceeding pursuant to 28 U.S.C. § 2255.

With respect to defendants' challenges to their sentences, we are mindful that two days after oral argument in this case the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the Sentencing Guidelines advisory and non-binding. Defendants have informed this Court that they seek a remand in light of the *Booker* decision and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Accordingly, this case is remanded so that the District Court may consider whether to re-sentence defendants, in conformity with the currently applicable statutory requirements explicated in the *Crosby* opinion.

Any appeal taken from the District Court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

The judgment of the District Court convicting defendants is therefore **AFFIRMED**. The case is now **REMANDED** for consideration of whether to resentence.