**UNITED STATES of America,
Appellee,**

v.

**Lemrey ANDREWS, Defendant–
Appellant.**

No. 06–1993–cr.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2007.

Jonathan Svetkey, Watters & Svetkey, LLP, New York, NY, for Defendant–Appellant.

Elizabeth F. Maringer, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Michael A. Levy, of counsel), New York, NY, for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

## *SUMMARY ORDER*

Defendant-appellant Lemrey Andrews appeals from the April 24, 2006 final order of the United States District Court for the Southern District of New York (Buchwald, J.) declining to re-sentence him and affirming his original sentence for his convictions of engaging in a racketeering organization, in violation of 18 U.S.C. §§ 1961, 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); transportation of individuals for prostitution, in violation of 18 U.S.C. § 2421; coercion to transport individuals for prostitution, in violation of 18 U.S.C. § 2422(a); possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Andrews contends that in response to the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we should have vacated his sentence and remanded for re-sentencing, as is done in the Sixth Circuit, *see United States v. Milan,* 398 F.3d 445, 454 (6th Cir.2005), rather than follow our circuit's procedure, *see United*

States v. Crosby, 397 F.3d 103, 117, 120 (2d Cir.2005), to remand for the district court to consider whether the sentence would have been materially different had the original sentence been imposed under *Booker*'s standards. We reject his claim and adhere to our precedent.

Reviewing the district court's decision for reasonableness, *see United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006), this Court finds no merit to Andrews's claims—except one that we do not resolve—that the failure to re-sentence him was procedurally or substantively unreasonable. Andrews argues this his within-Guidelines sentence was substantively unreasonable because the district court failed to consider his post-conviction rehabilitation and because the sentence is substantially greater than necessary to satisfy the purposes of the statute, mostly based on the fact that his numerous sentences for previous crimes were substantially lighter. We have held that a district court is not to consider evidence of post-conviction rehabilitation on remand under *Crosby*. *See United States v. Ferrell*, 485 F.3d 687, 688 (2d Cir.2007). Further, we find reasonable the district court's findings that Andrews's sentence was supported by his long history of criminality, by the serious crimes for which he was convicted in this case, and as a necessary deterrent against future criminal conduct. As the district court explained, "If anything, the fact that Andrews joined the Bloods and engaged in a pattern of criminal activity as a Blood after serving a series of shorter prison terms for his earlier crimes suggests that the sentence initially imposed is necessary to adequately deter Andrews from future criminal conduct." "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *Fernandez*, 443 F.3d at 27; we cannot conclude that this case falls outside the overwhelming majority.

Finally, Andrews argues that his sentence is unreasonable because it fails to take into account that had he not received ineffective assistance of counsel, he would have pled guilty and cooperated with the government, which would have lead to a lighter sentence comparable to his cooperating co-defendants. Similar to our April 29, 2005 summary order in this case, we do not resolve this ineffective assistance of counsel claim because it is more appropriately addressed in a proceeding pursuant to 28 U.S.C. § 2255. *See United States v. Portee*, 129 Fed.Appx. 652 (2d Cir.2005); *see also United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir.2006).

For the foregoing reasons, the judgment of the district court is AFFIRMED.