23-8046
*United States v. Andrews*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-five.

PRESENT:     JOSÉ A. CABRANES,
             STEVEN J. MENASHI,
                  *Circuit Judges*,
             LEWIS J. LIMAN,
                  *District Judge.*[*]

_____

United States of America,

  *Appellee*,

  v.                                                 No. 23-8046

Lemrey Andrews, AKA Pimp Blood Red, AKA Pimp Bloody, AKA Pimp, AKA Gerald Andrews, AKA Lenny Andrews, AKA Emmy Clark, AKA Young Redd, AKA PI,

  *Defendant-Appellant*.[†]

_____

---

[*] Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:  HENRY ROSS, Assistant United States Attorney (Olga Zverovich, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:  JOSHUA DRATEL (Amy E. Greer, *on the brief*), Law Offices of Dratel & Lewis, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Buchwald, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Lemrey Andrews appeals from an order of the district court denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

In 2003, Andrews was convicted after a jury trial of racketeering, racketeering conspiracy, conspiracy to commit murder in aid of racketeering, interstate transportation for prostitution, coercion or enticement of a female for prostitution, possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), and unlawful possession of a firearm by a felon. *See* App'x 24-78 (Indictment); *id.* at 327-31 (Judgment). He was sentenced to 352 months of imprisonment. Andrews appealed his conviction and sentence on the grounds that he had received ineffective assistance of counsel and that there had been improper jury tampering. This court affirmed the judgment of conviction and remanded to the district court to consider whether to resentence Andrews.

2

*See United States v. Portee*, 129 F. App'x 652 (2d Cir. 2005). In April 2006, the district court reevaluated the sentence in light of the intervening decisions in *United States v. Booker*, 540 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The district court decided not to modify the sentence. *See United States v. Andrews*, No. 01-CR-450, 2006 WL 1063286, at *4 (S.D.N.Y. Apr. 21, 2006). This court affirmed the judgment. *See United States v. Andrews*, 254 F. App'x 835 (2d Cir. 2007). Andrews subsequently challenged his sentence through a *habeas* motion under 28 U.S.C. § 2255. That motion was denied. *See Andrews v. United States*, No. 08-CV-3325, 2009 WL 860702 (S.D.N.Y. Mar. 31, 2009), *aff'd*, 381 F. App'x 51 (2d Cir. 2010).

In September 2023, Andrews moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). He argued that the decision of the Supreme Court in *United States v. Davis*, 588 U.S. 445 (2019)—which invalidated the residual clause of 18 U.S.C. § 924(c)(3)(B)—meant that his conviction for possession of a firearm in furtherance of a crime of violence under § 924(c) could no longer be considered valid. In his view, the invalidity of a conviction on which his sentence was based was an "extraordinary and compelling" reason for a sentence reduction under U.S.S.G. § 1B1.13(b)(6). *See* App'x 79-124. He further argued that amendments to U.S.S.G. § 4B1.1 and § 4A1.3 meant that, if he were sentenced today, his criminal history category would be lower than at the time of his sentencing. According to Andrews, those amendments provided additional support for sentencing relief. *Id*. at 94-102.

The district court denied the motion. It concluded that Andrews's argument about *Davis* could not be considered in a § 3582 motion because it challenged the validity of his conviction, and such challenges must be brought under § 2255. The district court further concluded that the amendments to the guidelines did not provide an extraordinary and compelling reason for relief and that, in any event, the sentencing factors to be considered under § 3553(a) "counsel against release." *United States v. Andrews*, 705 F. Supp. 3d 142, 154 (S.D.N.Y. 2023). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I

We review the denial of a motion under § 3582(c)(1)(A) for abuse of discretion. *See United States v. Amato*, 48 F.4th 61, 64 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) (quoting *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009)). This analysis "incorporates de novo review with respect to questions of statutory interpretation." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021).

## II

The district court did not abuse its discretion. First, Andrews argued that amendments to the guidelines altered his underlying guidelines range and therefore provided an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13(b)(6). But the district court properly determined that the amendments either did not alter the range or were not retroactive. *See Andrews*, 705 F. Supp. 3d at 152-54. The guidelines explain that "a change in the law (*other than an amendment to the Guidelines Manual that has not been made retroactive*) may be considered in determining whether the defendant presents an extraordinary and compelling reason." U.S.S.G. § 1B1.13(b)(6) (emphasis added). The district court did not abuse its discretion in concluding that—even assuming that the guidelines amendments otherwise qualified as a change in the law—the amendments did not establish an extraordinary and compelling reason in this case.

Second, Andrews argued that the invalidity of his § 924(c) conviction under *Davis* provided an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13(b)(6). That argument is foreclosed by our decision in *United States v. Fernandez*, 104 F.4th 420 (2d Cir. 2004). Our court has held that "attacks on the validity of the defendant's conviction [are] not cognizable on a section 3582 motion for compassionate release—either under the section 3553(a)

4

prong or the extraordinary-and-compelling reasons prong." *Id.* at 430. In his § 3582(c)(1)(A) motion, Andrews sought relief based on the purported invalidity of his § 924(c) conviction. The motion thereby lodged such an attack. *See* App'x 86 (arguing *Davis* "invalidates" the § 924(c) conviction). A claim that the defendant's "sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack" may serve as the basis for a *habeas* motion. 28 U.S.C. § 2255(a). And, we have held, "all claims cognizable under section 2255 *must* be brought under section 2255." *Fernandez*, 104 F.4th at 429. The 2023 amendments to U.S.S.G. § 1B1.13 do not alter this conclusion—and those amendments in any event could not override a decision of this court based on the statutory text. Under § 3582, "[c]ompassionate release is not a channel to habeas relief or an end run around the limitations of section 2255." *Id.* at 430.

Moreover, Andrews was initially sentenced below the then-applicable guidelines range. At the time of his § 3582(c)(1)(A) motion, his 352-month sentence remained within the applicable range even putting aside the § 924(c) conviction. *See Andrews*, 705 F. Supp. 3d at 154. The district court also explained that any adjustment would not materially affect the § 3553(a) factors, and those factors continued to support the sentence given the seriousness of Andrews's offenses. *See id*.

**III**

The Supreme Court has granted certiorari in *Fernandez*. *See Fernandez v. United States*, 145 S. Ct. 2731 (2025). But we need not await the Supreme Court's decision in that case because the judgment of the district court must be affirmed on two independent grounds: the district court's analysis of the sentencing factors under § 3553(a) and its consideration of Andrews's individualized circumstances. Even if we were not bound by *Fernandez*, we would affirm the judgment on those grounds.

## A

"[A] district court may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release." *United States v. Keitt*, 21 F.4th 67, 73 n.4 (2d Cir. 2021). In this case, the district court properly focused on the relevant factors under § 3553(a), weighing the "nature and circumstances" of Andrews's offenses, the need to "protect the public," and the "need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct." *Andrews*, 705 F. Supp. 3d at 154 (quoting 18 U.S.C. § 3553(a)(1), (a)(2)(C), (a)(6)).

The district court considered Andrews's offenses. Andrews conspired to murder a rival drug dealer, and he "ran the Bloods' interstate prostitution business, forcing women to have sex with him before allowing them to work as prostitutes, exercising rigid control over the prostitutes who worked for him, and routinely beating them." *Id.* The district court reasonably concluded that "the nature and circumstances of Andrews'[s] offenses strongly counsel against release." *Id.*

Andrews's post-conviction conduct provides further support for the conclusion of the district court because that conduct shows a lack of rehabilitation and a corresponding need "to protect the public." 18 U.S.C. § 3553(a)(2)(C). Andrews has developed an extensive disciplinary record "of approximately 108 documented infractions." *Andrews*, 705 F. Supp. 3d at 151. Among those infractions, "39 relate to physical aggression or sexual misconduct, five involve masturbation in front of or showing his genitals to female staff, and three concern the possession of a dangerous weapon." *Id.*

We conclude that "the district court considered the § 3553(a) factors as applied to the particular circumstances of [Andrews's] case and [Andrews's] particular history and characteristics, and it made the individualized determination that compassionate release was not warranted. That individualized

determination is all § 3553(a) demands." *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020).

**B**

The district court emphasized Andrews's individualized circumstances. A change in the law that creates a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" may serve as an extraordinary and compelling reason warranting a sentence reduction. U.S.S.G. § 1B1.13(b)(6). Even when there has been such a change in law, however, the guidelines authorize a sentence reduction only "after full consideration of the defendant's individualized circumstances." *Id.* In accordance with this requirement, the district court considered the "nature and circumstances" of Andrews's offenses and his conduct while incarcerated. *Andrews*, 705 F. Supp. 3d at 154. It concluded that Andrews's "individualized circumstances—wholly apart from his *Davis* claim—do not warrant a grant of compassionate release." *Id.* at 151.

The individualized analysis also addressed Andrews's argument that a sentence reduction would further the "need to avoid unwarranted disparities among defendants," 18 U.S.C. § 3553(a)(6), because his co-defendant Gary Jackson had received a resentencing through a successful § 2255 motion. *See United States v. Frias*, 521 F.3d 229, 236 & n.8 (2d Cir. 2008). The district court explained that Andrews's circumstances differed from Jackson's, so the disparity between their sentences was not unwarranted. "Not only was Jackson resentenced because he filed a timely Section 2255 petition to vacate his Section 924(c) conviction, but Jackson also both presented a significantly less concerning disciplinary record while in prison in terms of both quantity and severity of infractions and was convicted of less serious crimes." *Andrews*, 705 F. Supp. 3d at 155 (footnote omitted). "Moreover, unlike Andrews, Jackson was not convicted of a substantive RICO count or involvement in the Bloods' prostitution business." *Id.*

Because the consideration of the § 3553(a) factors and of individualized circumstances under § 1B1.13(b)(6) provide independent bases for affirming the

7

judgment in this case, we may affirm even on the assumption that the district court could have considered the purported invalidity of the § 924(c) conviction to be an extraordinary and compelling reason. The district court did not abuse its discretion in concluding that the § 3553(a) factors and Andrews's individualized circumstances required the denial of the § 3582(c)(1)(A) motion, so any possible error in what it considered to be an extraordinary and compelling reason would be harmless. When "the record indicates clearly that 'the district court would have imposed the same sentence' in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (quoting *United States v. Cavera*, 550 F.3d 180, 197 (2d Cir. 2008)).

* * *

We have considered Andrews's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8